Jacob Markowitz, J.
Plaintiff wife has brought an action against her husband’s employer for injuries sustained while a passenger in a car driven by her husband. The employer has impleaded the husband on the ground that the accident was caused by his active negligence, and the husband in turn has brought a so-called fourth-party action against his insurance carrier for breach of contract based on an automobile liability insurance policy issued to both him and his employer. "While the insurance company has assumed the defense of the husband’s employer it has disclaimed in the case of the third-party action brought by the employer against the husband. By way of affirmative defense to the fourth-party complaint, the company sets up subdivision 3 of section 167 of the Insurance Law as a statutory bar to the husband’s claim. The company now moves to compel the husband to reply to such defense and the husband cross-moves to strike such affirmative defense as insufficient as a matter of law. The sole question for determination, therefore, is as to the applicability of subdivision 3 of section 167 of the Insurance Law, which provides: “No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy.”
The husband contends that the statute is applicable only when the parties are husband and wife and is not a bar here because the primary action is between the wife and a third party. His position is not tenable. The broad purpose of the Legislature in simultaneously amending section 57 of the Domestic Relations Law and section 109 (now § 167, subd. 3) of the Insurance Law so as to permit actions between spouses and at the same time relieve insurance companies from the possibilities of fraud inherent in such actions cannot be ignored (Fuchs v. London & Lancashire Ind. Co., 258 App. Div. 603; Standard Acc. Ins. Co. v. Newman, 47 N. Y. S. 2d 804, affd. 268 App. Div. 967, motion for leave to appeal denied 268 App. Div. 1039). In addition to the clear legislative intent the letter of the statute itself applies to the situation at bar. The husband is an insured whose liability is sought because of an injury to his spouse. Without an express provision including such situation in the policy, the company is not obliged to defend. Any other interpretation *88 would be violative of every canon of legal construction. Certainly it could not be argued that the company would be required to defend the husband if the primary action had been brought against him and his employer. To require it to defend because he has been brought into the action as a third-party defendant rather than an original defendant would be to open the door to the very evil contemplated by the prohibition of the statute.
The motion to compel a reply is granted. The cross motion to strike the affirmative defense is denied. Settle order.