GERTRUDE KATZ et al., Plaintiffs, *v.* PAUL WESSEL et al., Defendants.

PACIFIC HARDWARE CORP., Third-Party Plaintiff, *v.* LUDWIG KATZ, Third-Party Defendant.

LUDWIG KATZ, Fourth-Party Plaintiff, *v.* LIBERTY MUTUAL INSURANCE COMPANY, Fourth-Party Defendant.

Supreme Court, Special Term, New York County, March 15, 1955.

*Albert P. Thill* for fourth-party defendant.

*Leslie P. Glick* for fourth-party plaintiff.

MATTHEW M. LEVY, J. Gertrude Katz is the wife of Ludwig Katz. Ludwig is an employee of Pacific Hardware Corp. Pacific owns an automobile. Wessel (not connected with Ludwig or the latter's wife or employer) also owns an automobile. On a certain occasion, the two automobiles collided. At the time of the impact, Wessel was driving his car. At that time, Ludwig was operating Pacific's vehicle (with his employer's permission) and with his wife as a passenger (also with his employer's permission). Gertrude and Ludwig were injured and the Pacific vehicle was damaged. Litigation followed. Gertrude sued Pacific and Wessel. Ludwig and Pacific sued Wessel. The two actions were consolidated. Pacific was insured for liability. Liberty Mutual Insurance Company was the insurer.

Of course, Pacific would be liable to Gertrude only if Ludwig were negligent. On this basis, Pacific, proceeding in the consolidated action, served a third-party complaint upon Ludwig demanding judgment over. The indemnity insurance policy issued to Pacific — in defining the meaning of the " insured " coming within the protection of the policy — provides that (when the actual use of the Pacific automobile was " by the named insured or with his permission "), " the unqualified word ' insured ' [as used in the policy] includes the named insured [Pacific] and also includes any person while using the automobile." Claiming that he came within the purview and protection of the policy of insurance, Ludwig called upon Liberty to defend him as against his employer's (Pacific's) third-party action. Liberty refused, pointing out that Gertrude is Ludwig's spouse, that Pacific is liable to Gertrude (if at all) solely because of her husband's (Ludwig's) negligence, and that subdivision 3 of section 167 of the Insurance Law of this State provides that " No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy."

Maintaining his legal contention, Ludwig (in the same consolidated action) served a fourth-party complaint against Liberty, for the purpose of obtaining ultimate relief against it under the policy of insurance allegedly indemnifying Ludwig for any loss resulting from his liability to Pacific. Liberty moved for dismissal of Ludwig's fourth-party complaint against Liberty, or for summary judgment in Liberty's favor. That is the motion now before me for disposition. The only question presented is whether, in the light of the statute and the policy, Liberty is obligated to defend and indemnify Ludwig with respect to Pacific's claim over against him.

Where the spouse is the owner of the vehicle and is an insured expressly named in the policy, it has recently been authoritatively held that subdivision 3 of section 167 of the Insurance Law is applicable (*Feinman* v. *Rice Sons,* 285 App. Div. 926; cf. *Kane* v. *Kane Ship Repair Corp.,* 202 Misc. 530). The issue before me is somewhat narrower: Does subdivision 3 of section 167 of the Insurance Law apply where, as here, the contract of insurance does not explicitly name the husband as the insured, but rather his corporate employer, and where the vehicle covered by the contract is not owned by the husband, but by the employer? The statute itself (Insurance Law, § 167, subd. 3) does not, in its precise language, apply. It states that (unless the policy provides to the contrary) it shall not " be deemed to insure against any liability of an *insured* because of death of or injuries to *his or her spouse* ". (Italics mine.) This section had been amended thus to provide, as part of a single statutory plan (L. 1937, ch. 669). By that very same chapter, the clause of the Insurance Law relevant here (then § 109, subd. 3-a, now § 167, subd. 3) was adopted by the Legislature at the same time as were related amendments to the Vehicle and Traffic Law (§ 59; and then § 94-k, now 94-q) and to the Domestic Relations Law (§ 57). These amendments were of a piece in implementation of the legislative purpose to permit certain lawsuits between spouses theretofore not allowed and concomitantly to permit insurance companies to protect themselves from possible frauds inherent in such actions (*Fuchs* v. *London & Lancashire Ind. Co. of America,* 258 App. Div. 603, motion for leave to appeal to the Court of Appeals denied, 259 App. Div. 731; *Standard Acc. Ins. Co.* v. *Newman,* 47 N. Y. S. 2d 804, affd. 268 App. Div. 967, motion for leave to appeal to the Court of Appeals denied, 268 App. Div. 1039). As part of the statutory scheme of things, it is relevant to note here that section 59 of the Vehicle and Traffic Law, which refers to the matter of " Negligence of

operator other than owner [being] attributable to owner ",
provides that " All bonds executed by or policies of insurance
issued to the owner of a motor vehicle or motor cycle shall
contain a provision for indemnity or security against the lia-
bility and responsibility provided in this section; but this pro-
vision shall not be construed as requiring that such a policy
include insurance against any liability of the insured, *being
an individual,* for death of or injuries to his or her spouse or
for injury to property of his or her spouse." (Italics mine.)
True, the Legislature did not also say, when amending what is
now subdivision 3 of section 167 of the Insurance Law — as it
might — that the policy shall not be deemed to insure against
any liability of an insured because of death of or injuries to
*the spouse of an employee or permittee of the insured if the
latter is a corporation.* Was the failure to enact such a specific
clause fatal to the carrying out of the obvious legislative purpose
and intent? I think not.

In order to obtain any benefits under the policy, Ludwig can
rely only under the policy's extended definition of the word
" insured ". The policy was written in the light of the language
of the statute — which also refers to " insured ". Neither legis-
lation nor contract can be properly construed in a vacuum; they
must here be taken together. The word " insured ", as defined
in the policy, includes not only the " named insured ", but also
" any person while using the automobile " with the " permis-
sion " of the " named insured ". The statute provides that
the " policy or contract shall [not] be deemed to insure against
any liability of an insured because of death of or injuries to
his or her spouse ". It would seem inconsistent for Ludwig to
urge that he is not the " insured " — so as to escape the pro-
visions of the statute — and at the same time claim that he is
the " insured " — so as to gain the protection of the contract.
The policy clause (extending coverage to Ludwig as an insured)
cannot be divorced from the statutory clause (exempting the
insurer when the injured is the spouse of the insured).

Moreover, legislation and contract must be construed so as
to have some meaning. The named insured in the case at bar
is a corporation. It cannot itself operate a motor vehicle. Nor
can the employee of a legal fiction be its spouse. Marriage is
a factual and legal status between individuals of opposite sexes,
not between a sexless corporation and an individual. Obviously,
therefore, if any reasonable meaning is to be given to the word
" insured ", as used here, it must refer to a human being, not
a corporate entity. As such, the policy would normally extend

its protection to Ludwig; but as such, too, the Insurance Law cuts off that protection when it is Ludwig's wife who is injured and sues. " Collusive actions between husband and wife " — from which a " considered legislative intent " sought " to protect insurance carriers against loss " (*Fuchs* v. *London & Lancashire Ind. Co. of America,* 258 App. Div. 603, 605, *supra*) — are as much a possible evil where the husband is the employee-operator of the automobile as where he is the employer-operator.

The motion by Liberty, the fourth-party defendant, for summary judgment dismissing the fourth-party complaint asserted against it by Ludwig as fourth-party plaintiff, is granted and judgment may be entered accordingly.

Order signed.