PEKA, INC., Plaintiff, *v.* A. STANLEY KAYE, Defendant and Third-Party Plaintiff.
" JOHN DOE " et al., Doing Business as LLOYD'S OF LONDON, LTD., Third-Party Defendants.

Supreme Court, Special Term, Bronx County, October 14, 1955.

*George W. Clark* for third-party defendants.

*Shirley P. Thaw* and *Alfred S. Julian* for third-party plaintiff.

EDER, J. This is a motion by the underwriters doing business as Lloyd's of London, Ltd. (herein referred to as Lloyd's) to dismiss pursuant to rule 106 a third-party complaint as insufficient in law. The motion is directly based on subdivision 3 of section 167 of the Insurance Law, excluding from insurance coverage " any liability of an assured because of death of or injuries to his or her spouse  *  *  *  unless express provision relating specifically thereto is included in the policy ".

Since 1937, when this enactment went into effect simultaneously with the amendment of section 57 of the Domestic Relations Law granting either spouse a right of action for personal injuries sustained as a result of the other's negligence, there have been numerous cases wherein the spouses endeavored in more or less ingenious fashion to avoid the impact of the exclusionary provision. But the courts have consistently refused to sanction any maneuver, however indirect, to evade the plain intendment of the law. The guiding principle was thus stated in *Fuchs* v. *London & Lancashire Ind. Co.* (258 App. Div. 603, 605) : " These simultaneous enactments disclose a considered legislative intent to create a right of action theretofore denied, and at the same time to protect insurance carriers against loss through collusive actions between husband and wife ".

Here we have a rather interesting variation in factual background and procedural steps taken by the parties from the usual situation encountered in this field.

The policy was issued by Lloyd's, which is not licensed to conduct an insurance business in this State, through its Montreal office and delivered to the assured, a New York resident. It was a standard certificate of aircraft and aviation insurance which, among other terms, provided for indemnification of the insured against all sums which he should become legally liable to pay as compensation for injuries to passengers while being carried in the small airplane owned by the insured. Some time thereafter, by proper indorsement, the insured's title was changed to " Dr. A. Stanley Kaye and Peka Inc.", and Dr.

Kaye's home address in New York City stated as the address of both. Peka, Inc., was a New York corporation and Dr. Kaye an officer thereof.

On August 16, 1948, the plane piloted by Dr. Kaye crashed at a Pennsylvania airport causing serious injuries to Dr. Kaye's wife, a passenger at the time. In January, 1949, she commenced an action in this State against Peka, Inc., as owner of the plane to recover damages for personal injuries. Lloyd's defended on behalf of Peka, Inc. After trial judgment was entered in her favor on May 5, 1953, and said judgment was affirmed on appeals to the Appellate Division (283 App. Div. 865) and the Court of Appeals (307 N. Y. 894). In December, 1954, Lloyd's paid on behalf of Peka, Inc., the sum of $27,703.99 in satisfaction of the judgment.

Thereafter Lloyd's attorneys instituted this action in the name of Peka, Inc., against Dr. Kaye for recovery of the sum paid by the corporation to Mrs. Kaye together with the sums paid as fees and expenses in the defense of her action. The complaint of Peka, Inc., alleged that the accident was due entirely to the negligence of the pilot, Dr. Kaye, and that the trial court's decision in Mrs. Kaye's action contained such a finding. Dr. Kaye requested Lloyd's to defend on his behalf as an assured under the policy, but it disclaimed any obligation to defend this action. He then interposed an answer to the complaint and served Lloyd's with a third-party summons and complaint. Lloyd's has brought on the present motion to dismiss that third-party complaint.

Dr. Kaye alleges therein the foregoing facts as to the policy, the accident (omitting naturally any reference to his claimed negligence), ensuing legal proceedings, and the refusal to defend on his behalf. He then concludes that, in the event judgment is recovered by Peka, Inc., against him, Lloyd's would be obligated to indemnify him with respect thereto by virtue of the terms of the policy issued to Peka, Inc., and him and would also be liable to him for his expenses in defending this suit and prosecuting this third-party action.

Here, then, is the fortunate, for the wife, circumstance that the vehicle was owned by a corporation, whose insurance carrier was compelled to indemnify it and pay her, despite the fact that her husband operated it. The only remedy then open to the carrier would be as subrogee by way of a third-party action in the name of the corporation against the husband in her original action or, as was here done, by suit brought against him after payment of her judgment. In either event the basis of such

claim against him would be proof that the accident was caused solely as a result of his active negligence, the liability of Peka, Inc., as owner to Mrs. Kaye having arisen in consequence of such negligence.

It will be noted, of course, that if Dr. Kaye should sustain his third-party complaint against Lloyd's, there would be no point in Lloyd's continuing this action in Peka's name against him, for it would then be required to indemnify him for the very liability it seeks to assert against him in Peka's action, an even stand-off result, except, of course, that it would have to reimburse him for his legal fees and expenses.

The motion to dismiss the third-party complaint is claimed to be based squarely upon the provisions of subdivision 3 of section 167 of the Insurance Law: that the liability for which Dr. Kaye seeks indemnity under the policy, while asserted directly against him by Peka, Inc., as the one whose active negligence caused it to be liable to Mrs. Kaye, actually is a liability " because of * * * injuries to his * * * spouse ''.

The subdivision does state in all-inclusive language that no policy shall be deemed to insure against '' any '' liability of an insured because of injury to his spouse unless otherwise expressly stated therein. In view of the clear legislative intent underlying its enactment it must be held that such exclusion from policy coverage results whenever indemnification is asked by a husband whose liability, regardless of the form in which or person by whom asserted, is basically and unquestionably because of injuries sustained by his wife as a result of his negligence. Courts may not lend themselves to an indirect avoidance of, or a flank attack upon, a law whose purpose is to protect against collusive actions between husbands and wives. One may not do indirectly what he should not do directly. To permit Dr. Kaye to claim over against Lloyd's because it is Peka, Inc., rather than his wife, who happens to be the plaintiff in the action against him for the negligent causation of her injuries, would be to honor form over substance. Such procedure, which would abet the frittering away of the law, may not be upheld.

Such was the holding in *Katz* v. *Wessel* (207 Misc. 456). There the various claims over were asserted in one action, instead of, as here, in two stages. But, as previously indicated, that circumstance is of no significance. The only question to be resolved is: Is the liability which the husband as an insured seeks to claim over against the insurance carrier one which

exists because of his ultimate responsibility for his wife's injuries? There the wife was injured while in an automobile driven by her husband and owned by his corporate employer. It alone was insured but he was deemed an insured by virtue of the policy provision required by law, including in the definition of " insured " any person using the automobile with the owner's permission. The wife sued the corporation (and owner of the other vehicle involved in the collision). The corporation served a third-party complaint upon the husband demanding judgment over on the ground that, if held liable to the wife, such liability would be due solely to his negligent operation of the vehicle. He then served a fourth-party complaint against the insurance carrier requesting indemnification as an " insured " under the policy; that is the corresponding and equivalent complaint to the one under attack here. It was dismissed upon motion on the ground that, under the statute, the insurer is exempted whenever the injured is the spouse of the insured, whether expressly named or included by construction.

In *Feinman* v. *Rice Sons* (285 App. Div. 926 [1st Dept.]) affirming without opinion the granting of insurer's motion to compel a reply to its affirmative defense based on subdivision 3 of section 167 and denying the husband's cross motion to strike such affirmative defense as insufficient in law (N. Y. L. J., Aug. 23, 1954, p. 3, col. 7), both the corporate employer and the husband were named as insureds in the policy. Though the form of the pleadings and motions there differ from those here involved, the fundamental principle is the same: that the policy is deemed to exclude the husband's claim to be indemnified against the corporation's claim over against him.

It does not appear that this point was directly passed upon in *Kane* v. *Kane Ship Repair Corp.* (202 Misc. 530) wherein the court denied the motion to dismiss the husband's fourth-party complaint as a matter of pleading. As in this case, he was named with his corporate employer, owner of the vehicle, as assureds in the policy. Insofar as that holding may be cited as authority for a contrary view, as is here maintained, I do not agree with its conclusion. It is true that, as a matter of strict pleading, taking Dr. Kaye's third-party complaint by itself and without relation to the complaint-in-chief of Peka, Inc., a good cause of action under the policy is alleged. It merely alleges that " one Grace Kaye " was injured, without stating that she was his wife, and sedulously avoids any reference to his being the pilot of the plane. The sufficiency of this

third-party complaint must, however, be judged in the light of the necessary allegation therein that " in the event any judgment is recovered " against Dr. Kaye by Peka, Inc., " Lloyd's would be obligated to indemnify " him. If Dr. Kaye be held liable on Peka's complaint, that could only be upon proof that his negligence caused the accident which resulted in his wife's injuries, the damages for which Peka was obliged to pay; on that basis his third-party complaint for indemnity under the policy would have to be dismissed as not covered because of subdivision 3 of section 167 of the Insurance Law. If, on the other hand, he were held not liable on Peka's complaint, that could only be for lack of proof of negligence on his part; in that event the third-party complaint would not even come into play and could not be invoked. In either case, then, whether he be held liable or not to Peka, whatever the outcome of the action-in-chief, the third-party complaint cannot stand. As to Grace Kaye being his wife there is, of course, no question, and hence no issue is raised with regard thereto.

The motion to dismiss should therefore be granted in view of the applicability of subdivision 3 of section 167 to the facts here alleged. It is necessary, however, to dispose of the remaining point made by third-party plaintiff regarding the claimed inapplicability of the subdivision to this policy: that Lloyd's, a foreign insurer, issued this policy in Montreal, a circumstance which is said to take the policy out of the operation of the statute.

The opening paragraph of section 167 of the Insurance Law distinctly provides that " No policy or contract insuring against liability for injury to person     *     *     *     shall be issued or delivered in this state " unless the provisions following in the subdivisions are contained therein. The expression, " issued or delivered in this state ", is a deliberate and considered statement carrying out the legislative intent to hold policies delivered by foreign insurers to New York residents to be subject to our laws in the same manner and to the same degree as those issued here by domestic insurers. In section 59-a of the Insurance Law there will be found a clear declaration of that intent. Subdivision 1 thereof states that the purpose of the section is to subject insurers to the jurisdiction of our courts; that the Legislature is concerned about the holding by many residents of policies " issued or delivered " in this State by unlicensed foreign insurers; that accordingly, for their protection, there is now provided a specific method of substituted service upon such insurers. Subdivision 2 provides that any of the acts enumer-

ated therein shall constitute the doing of business sufficient to subject the foreign insurer to our jurisdiction; the first of these being " issuance or delivery of contracts of insurance to residents of this state ".

A foreign insurer, such as Lloyd's, thus compelled to submit to our jurisdiction and our laws (See *Kaye* v. *" Doe " [Lloyd's of London]*, 204 Misc. 719, for a discussion of this point of enforced appearance and submission to our process in one of the procedural steps in this very matter), is entitled to equality of relief as well as equality of burden with domestic insurers. To compel submission to our courts under section 59-a but deny the protection of subdivision 3 of section 167 to foreign insurers delivering policies in this State to our residents, would certainly be unconstitutional. This policy was delivered by mail to a New York resident and all the provisions of section 167, including subdivision 3, whether burdensome or beneficial to the insurer, apply.

This conclusion is confirmed by the specific provision which Lloyd's inserts in its policies, that at the insured's request it will submit to the jurisdiction of any court within the United States and that " all matters arising hereunder shall be determined in accordance with the law and practice of such Court ". This accordingly constitutes a voluntary submission on the part of this foreign insurer and disposes of any possible contention of nonapplicability.

The motion is accordingly granted and the third-party complaint dismissed. Settle order.