A. David Benjamin, J.
This is an action for a declaratory judgment to determine the liability of the plaintiff, insurance company, on an automobile liability insurance policy issued to the defendant Joseph Katz. In September of 1951, Joseph Katz, the owner of the automobile, permitted his father, Sigmund Katz, to use it. While Sigmund was operating the automobile, he became involved in an accident as a result of which his wife, Celia Katz, mother of Joseph Katz, was killed. An administrator of her estate was appointed and commenced an action against the son, Joseph Katz, by reason of his liability as the owner of the car, pursuant to the provisions of section 59 of the Vehicle and Traffic Law. The son, Joseph, brought a third-party action against his father, Sigmund, and sought judgment over against him as the active and primary tort-feasor. Sigmund thereupon claimed over against the insurance company, the plaintiff herein, upon the ground that, under the policy issued to Joseph Katz, it is liable to him as well for any judgment recovered by Joseph Katz against him by reason of said accident.
The insurance company takes the position that it may disclaim coverage under the policy as to both the son and Sigmund Katz, the spouse of the deceased, in view of the provisions of subdivision 3 of section 167 of the Insurance Law, and the definition of the word “ insurer ” as contained in the policy of insurance. Subdivision 3 of section 167 of the Insurance Law provides: ‘ ‘ No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy. ’ ’
The definition of the word “ insured ” as contained in a policy of insurance as far as material herein provides: “ With respect to the insurance for bodily injury liability and for property damage liability the unqualified word ' insured ’ includes any person while using the automobile * * * provided the *330 actual use of the automobile is by the named insured or with his permission. ’ ’
The insurance company contends that since Sigmund ICatz is an insured under the terms of the policy issued to his son, Joseph, and since the action brought herein is for the death of his wife, that, therefore, the action is for the death of the spouse of an “ insured ” and consequently is inhibited by subdivision 3 of section 167 of the Insurance Law.
It is not justieiably disputable that both Joseph Katz, the son, and Sigmund Katz, the 'father, come within the definition of the word " insured ’ ’ under the terms of the policy. The two questions presented to the court are as follows :
1. Is the insurance company required to defend and pay on the cross compaint brought against the spouse, Sigmund Katz, the primary tort-feasor herein?
2. If they are not liable to defend the action and to pay any damages accruing against Sigmund, the primary tort-feasor herein, are they not likewise exculpated from defending the action against Joseph Katz and payment of any judgment which may be rendered against him?
The first question has already been considered and answered by our courts.
In Feinman v. Bernard Rice Sons (2 Misc 2d 86, affd. 285 App. Div. 926), a wife brought an action against her husband’s employer for injuries sustained while a passenger in the car driven by her husband. The employer impleaded the husband and the husband in turn brought an action against the insurance carrier for breach of contract based on an automobile policy issued to both him and his employer. The lower court, at pages 87-88, said: “ The husband is an insured whose liability is sought because of an injury to his spouse. Without an express provision including such situation in the policy, the company is not obliged to defend. Any other interpretation would be violative of every canon of legal construction. Certainly it could not be argued that the company would be required to defend the husband if the primary action had been brought against him and his employer. To require it to defend because he has been brought into the action as a third-party defendant rather than an original defendant would be to open the door to the very evil contemplated by the prohibition of the statute.”
And in Katz v. Wessel (207 Misc. 456), the court reached the same conclusion where the policy did not explicitly name the husband as the insured, but rather his corporate employer, and where the vehicle covered by the policy was not owned by the husband but by his employer.
*331 The court adopts the reasoning of these decisions. While it may be argued that the cross complaint against Sigmund Katz is for indemnity rather than for the primary wrong, the action nevertheless is predicated upon his negligence in causing the death of his spouse and the liability of the insurance carrier under such circumstances is expressly inhibited by subdivision 3 of section 167 of the Insurance Law.
Accordingly, the court finds that plaintiff is entitled to a judgment declaring that it is not obligated to defend the suit brought by Joseph Katz as third-party plaintiff against Sigmund Katz, or to pay any judgment rendered in said third-party action.
We come now to the question as to its liability with respect to Joseph Katz. Here the insurance company’s position is that since the ultimate liability is upon Sigmund Katz, the spouse, even though the primary action is brought against Joseph Katz, they should not be required to defend the action against Joseph Katz or to pay any judgment rendered against him. They contend that to hold otherwise would be to permit a frustration o'f the plan embraced in our statutory law for the purpose of forestalling fraudulent actions between spouses at the expense of insurance carriers.
As against this position the defendants herein counter with the contention that the action against Joseph Katz, the son, was not to recover for the death of his spouse and thus is not within the prohibition of section 167 of the Insurance Law. The precise question presented here does not appear to have been determined by our courts. They have decided, as has been pointed out supra, that there was no insurance coverage in favor of the active tort-feasor, the spouse of the injured person, either as named insurer or under the extended coverage. But in none of the cases, so far adjudicated, have they ruled that the owner of the car, a person other than the spouse, is not covered by the policy. In the Feinman case (supra) the insurance company admitted and accepted its responsibility for the liability of the husband’s employer for injuries sustained by her while a passenger in a car driven by her husband. Katz v. Wessel (supra) likewise tested only the liability of the insurance company with respect to the action against the 'spouse, the active tort-feasor, and did not determine the liability of the company with respect to the employer owner of the ear driven by the offending spouse.
It is clear that where joint tort-feasors are involved in an accident, that the plaintiff has a right to sue any or all. Here, Joseph Katz and Sigmund Katz are joint tort-feasors — Sigmund by reason of his active negligence, Joseph derivatively *332 liable by reason of the negligence of his statutory agent, Sigmund.
In Manhattan Cas. Co. v. Cholakis (206 Misc. 287, affd. 284 App. Div. 1041), a corollary of this situation was considered by the courts in the first department. In that case a mother was the owner of a car. The son was the driver. The father, the husband of the owner, was a passenger and was killed. The executrix of his estate sought to recover from the mother and from the son. In that case the court held that the policy covered the action against the son, the active tort-feasor, but did not cover the action against the spouse who was sued for the wrongful death of her husband. The facts in that case differ from the one at bar in the important distinction that there the court allowed recovery against the son, the active tort-feasor, while disallowing recovery on the policy by the spouse of the deceased person. In the case at bar the active tort-feasor is the spouse and the question remains whether we should require the insurance company to defend and pay an action for the derivative negligence of the son, when the ultimate liability must be borne by the spouse who is not covered by the policy.
I am persuaded that the courts may not rewrite the policies of insurance to exclude from its coverage members of an insured’s family other than the spouse of the injured person and it is not incumbent upon the court to read such provision either into the statute or into the policy.
Joseph Katz, the original defendant herein, was a proper defendant to be sued for the death of the mother and was covered by the policy of insurance issued to him. He can not be deprived of this coverage by the device of bringing into the action another defendant who chances to be the spouse of the injured person. His right to defense and protection against payment is independent of the rights of any other person who may be sued in this case, to wit, his father, and the denial to the father of the coverage of this policy cannot be extended to deprive the named insured of the right to such protection. To impose any other rule would be to write into the policy a provision that if an agent, employee or other person permitted to use a car is responsible for injury to his spouse, that the owner of the car shall be denied the protection of its coverage. A result so far-reaching in its impact exculpating the insurance carrier from liability should rest upon the clear language of the policy of insurance or statutory law rather than spring from a strained judicial construction.
The court rules, therefore, that Sigmund Katz is not covered by the policy; that Joseph Katz is.
Settle judgment in accordance with the above.