Samuel Rabin, J.
The plaintiff Anita Reis was injured while a passenger in an automobile owned by the defendant Economy Hotels and Restaurants Purveyors, Inc. (hereinafter referred to as Economy), which was operated by her husband Louis Reis, its president. She brought an action for damages against said defendant and the owners and operators of two other automobiles involved in the accident. Economy impleaded plaintiff’s husband, Louis Reis, as third-party defendant, alleging that he was primarily and ultimately responsible for his wife’s injuries, since he was the driver of the vehicle in which she was a passenger.
In force at the time of the accident was a policy of liability insurance issued to Economy by the fourth-party defendant, Public Service Mutual Insurance Co. The latter disclaimed liability thereon, whereupon said third-party defendant impleaded the carrier, alleging that he was an assured within the terms of the policy above referred to, and was entitled to coverage for the claim-over made against him by Economy. The carrier as fourth-party defendant interposed the defense that while Louis Reis was an assured under the policy, he was not entitled to indemnification thereunder by reason of the following provisions of section 167 of the Insurance Law: “3. No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy and that the afore-mentioned policy of liability insurance contained no such express provision. It is this defense which is now the subject of a motion by the plaintiff and her husband, the fourth-party plaintiff, to dismiss for legal insufficiency. (Rules Civ. Prac., rule 109, subd. 6.)
The Appellate Division of the First Department recently held that the exclusion provision of the afore-mentioned statute was *148 mandated into every policy of automobile liability insurance issued in this State, and that where as here, there was no express provision for such coverage in the policy, the statute must be considered as part of the policy. (New Amsterdam Cas. Co. v. Stecker, 1 A D 2d 629, 632.)
The moving parties contend, however, that this statute is inapplicable to the case at bar since the policy was issued to a corporation of which the plaintiff could not be deemed a spouse within the contemplation of the statute. The policy, however, includes in its “ Definition of Insured ” not only 11 the named insured ’ ’, but 1 ‘ also * * * any person * * * using the automobile * * * with the permission ” of the named insured. Inasmuch as the statute speaks of the “ liability of an insured” (emphasis supplied), and the injured plaintiff’s husband, the fourth-party plaintiff, was an insured within that definition, the court is constrained to hold that the provisions of the statute are applicable, absent an express provision in the policy for the liability of such insured for injuries to his spouse.
And so it was held in Feinman v. Rice Sons (2 Misc 2d 86, affd. 285 App. Div. 926, appeal dismissed 309 N. Y. 750). In that case both the corporate employer and the husband were insured under a policy of automobile liability insurance which contained no express coverage for the assured’s spouse. The court held that the husband’s claim to be indemnified against the corporate employer’s claim-over against him for injuries sustained by his wife, was excluded by the statute. The defense challenged must, therefore, be sustained, and the motion to strike it, denied.
Submit order.