Vincent A. Lupiano, J.
This is an application for reargument of plaintiff’s motion for summary judgment and defendant’s cross motion for summary judgment. Reargument is granted. Plaintiff was operating a car owned by his employer, Buxbaum Linens, Inc., with its permission. It is the named insured. Plaintiff’s wife was a passenger and sustained injury as a result of an accident. She has instituted action against Buxbaum and that action is pending. Buxbaum has refused to initiate a third-party action against this plaintiff and defendant attempted unsuccessfully to vouch in this plaintiff in the pending action. By letter of March 6, 1963, it advised the plaintiff of the pendency of that action and asserted that since Buxbaum’s liability is derivative and if it is held liable, the defendant upon payment of the judgment will exercise its right of subrogation. Plaintiff was tendered the defense of the action and demand was made that he assume the defense and indemnify and save harmless Buxbaum Linens, Inc., in connection with any judgment which may be rendered against it. Plaintiff refused and thereafter instituted this action.
The policy does not expressly cover this plaintiff as the additional insured with respect to any injuries sustained by his spouse. In these circumstances, therefore, plaintiff is not an insured and defendant has the right of subrogation to the rights of Buxbaum in the event of judgment against Buxbaum and payment thereof by the defendant (Glens Falls Ins. Co. v. Wood, 9 A D 2d 201, affd. 8 N Y 2d 409; Reis v. Economy Hotels & Restaurant Purveyors, 4 Misc 2d 146; Feinman v. Rice Sons, 2 Misc 2d 86, affd. 285 App. Div. 926, app. dsmd. 309 N. Y. 750).
The right to subrogation arises on payment and the right to be enforced is -Buxbaum’s right. As stated in Glens Falls Ins. Co. v. Wood (supra, p. 204) of Presiding Justice Foster’s opinion in the Appellate Division, on which defendant relies: “ What then were the rights of the insured at the time subrogation became effective? He had a cause of action against the present defendant, which the latter might elect to defend, and nothing else. The right to vouch in the defendant here had been lost by a failure of the insured to act, and in all probability such a right was waived in any event because he had refused to permit a third-party complaint to stand. With such rights lost to the *1035 insured there remained, when subrogation became effective, only the cause of action which the defendant here has elected to defend, and this is all the plaintiff insurance company became entitled to when its right to subrogation matured.”
The motion of the plaintiff there for summary judgment was denied and the order of denial was affirmed. On these motions, it can be determined only that in the circumstances here plaintiff is not an insured and, upon payment by the defendant of any judgment against the named insured, defendant is subrogated to the rights of that insured against this plaintiff. What those rights are must be left for determination in the event payment is made of any judgment obtained against Buxbaum in the pending action against it and the defendant attempts to enforce a claimed right of subrogation. Upon reargument, therefore, the motions are disposed of accordingly.