Frederick B. Bryant, J.
The petitioner has commenced this action for a declaratory judgment defining the rights and obligations of petitioner and respondent under the policy of insurance described in the complaint. Specifically, the action seeks to compel the respondent to defend and indemnify the petitioner in an action pending in Supreme Court, Tompkins County, in which certain defendants have interposed a cross claim against the petitioner. While not specifically so designated, this motion is a motion by the petitioner for a summary judgment in the action.
Kathleen Smith, the wife of the petitioner, was injured in an accident while a passenger in a car owned and operated by her husband, the petitioner herein. She sued the driver of the other car involved in the accident to recover damages for her injuries. The defendant in that action has made a cross claim against the petitioner herein, alleging that the petitioner is wholly or partly responsible for the accident and, pursuant to Dole v. Dow Chem. Co. (30 N Y 2d 143), is liable for a proportionate contribution to such defendant.
The petitioner is insured by the respondent against liability for damage arising from his negligence. He duly notified the *525 respondent of the cross claim and called on it to defend and • indemnify him. The respondent has refused to do so, asserting that under subdivision 3 of section 167 of the Insurance Law it is not obligated to defend an action based on liability of its assured because ,of injury to his spouse.
Subdivision 3 of section 167 provides as follows: “ No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy. ”
It is conceded that the policy issued by the respondent to the petitioner contained no “ express provision ” “ specifically ” providing that the petitioner be insured against liability for injuries to his spouse. Petitioner urges, however, that since this is not an action brought by the spouse but rather is an action by a third party for indemnity that subdivision 3 of section 167 does not apply.
The language of subdivison 3 of section 167 is clear and specific. It absolves an insurer from defending an action where the liability of its insured is incurred because of death or injuries to the spouse. Such is clearly the situation here.
Those cases which have concerned themselves with subdivision 3 of section 167 have uniformly held that it applies to the type of situation with which we are here concerned. (Feinman v. Rice Sons, 2 Misc 2d 86, affd. 285 App. Div. 926; Katz v. Wessel, 207 Misc. 456; Peha, Inc. v. Kaye, 208 Misc. 1003; Reis v. Economy Hotels and Rest. Purveyors, 4 Misc 2d 146; Barson v. General Acc. Fire & Life Assur. Corp., 41 Misc 2d 1033.) Involved in these cases were lawsuits by a wife against the employer of the husband where the husband had been operating the employer’s car with the latter’s permission. In the third-party suit by the employer against the husband for indemnity it was held that subdivision 3 of section 167 absolved the insurer from its contractual duty to defend and indemnify. In Feinman v. Rice Sons (2 Misc 2d 86, 87-88, supra) the court clearly stated the applicable rule as follows: “ In addition to the clear legislative intent the letter of the statute itself applies to the situation at bar. The husband is an insured whose liability is sought because of an injury to his spouse. Without an express provision including such situation in the policy, the company is not obliged to defend. Any other interpretation would be violative of every canon of legal construction. Certainly it could not be argued that the company would be required to defend the husband if the *526 primary action had been brought against him and his employer. To require it to defend because he has been brought into, the action as a third-party defendant rather than an original defendant would be to open the door to the very evil contemplated by the prohibition of the statute.”
General Acc. Fire & Life Assur. Corp. v. Katz (3 Misc 2d 328) is even closer to the situation here. That involved an intra-family lawsuit. There, a father, while driving his son’s car caused the death of his own wife. Her administrator sued the son as owner of the car. The son, <dn. turn, impleaded the father as the driver and active tort-feasor. The father’s demand upon the company for a defense was properly refused as expressly excluded, from coverage under subdivision 3 of section 167.
The motion of the petitioner for summary judgment is denied and summary judgment is awarded to the respondent dismissing the petition and denying the petitioner the relief sought.