James H. Boomer, J.
The wife, a passenger in an automobile driven by her husband, was injured when his automobile collided with another. She sued the driver of the other automobile and he served upon the husband a third-party summons and complaint based upon the decision in Dole v. Dow Chem. Co. (30 N Y *347 2d 143). Must the husband’s automobile liability insurance carrier defend and indemnify the husband against liability in the third-party action? The answer in Smith v. Employers Fire Ins. Co. (72 Misc 2d 524) was “ No. ”. In this motion for summary judgment in a declaratory judgment action the plaintiff husband urges us not to follow the Smith decision, contending that decision extends the construction of subdivision 3 of section 167 of the Insurance Law beyond the legislative purpose.
Subdivision 3 of section 167 provides that “ Np_, policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy.” The plaintiff states that the cases cited as authority in the Smith decision turn upon the purpose of the Legislature in enacting the statutory exclusion of coverage. ‘1 The broad purpose of the Legislature in simultaneously amending section 57 of the Domestic Relations Law and section 109 (now § 167, subd. 3) of the Insurance Law so as to permit actions between spouses and at the same time relieve insurance companies from the possibilities of fraud inherent in such actions cannot be ignored (Fuchs v. London & Lancashire Ind. Co., 258 App. Div. 603; Standard Acc. Ins. Co. v. Newman, 47 N. Y. S. 2d 804, affd. 268 App. Div. 967, motion for leave to appeal denied 268 App. Div. 1039).” (Feinman v. Rice Sons, 2 Misc 2d 86, 87.) Plaintiff points out that the cases cited in the Smith decision involve actions prior to Bole where the wife sued the owner of the automobile in which she was injured and the owner impleaded the husband, the alleged negligent driver. In those cases it held that the husband’s insurance carrier was absolved by subdivision 3 of section 167 from defending the action and the opinions pointed out that collusion betweeen spouses was just as much a possibility in those cases as whereby the wife sued the husband directly. In either instance recovery by the injured spouse depended solely upon the negligence of the husband driver. Plaintiff distinguishes the cases cited in the Smith decision, stating that where the injured wife brings an action against another negligent driver, there is no reason for the spouses to fraudulently predicate fault upon the husband since the wife is entitled to collect the full amount of her damages from the other negligent driver, regardless of any fault on the part of her husband. The plaintiff reasons that since the facts jn his case do not fall within the legislative purpose of the statute, the statute should not apply.
*348 But, “ the language employed by the Legislature is clear, succinct, and unequivocal ” (New Amsterdam Cas. Co. v. Stecker, 3 N Y 2d 1, 5) and the facts do fall within that language. The Legislature excluded from the coverage of the policy “ any liability of an insured because of * * * injuries to his or her spouse.” (Emphasis supplied). It purposely chose language broad enough to exclude from coverage any liability of the insured because of injuries to his spouse, whether that liability be directly to the spouse or to another seeking indemnity from the insured.
. The Legislature, when it enacted the statute, could not have foreseen the Bole decision and we can only speculate what its intention might have been had it done so. “ Where a statute is clear and unambiguous on its face there is no room for strained construction based on speculation as to what the Legislature may have intended.” (Matter of Abrams v. La Guardia, 174 Misc. 421, 423; see, also, New Amsterdam Cas. Co. v. Stecker, supra, p. 7.) Courts do at times make an exception to the letter of the statute when the subject excepted is not within its spirit and meaning, but “ they do so to avoid a result so unreasonable or absurd as to force the conviction upon the mind that the excepted subject could not have been intended by the legislature, and that if it had been presented to that body, it would have disclaimed any intention to include it.” (Morgan v. Hedstrom, 164 N. Y. 224, 230; McKinney’s Cons. Laws of N. Y. Book 1, Statutes, § 111). In this case I cannot say that the result reached by following the letter of the statute is so unreasonable or absurd that the Legislature would not have intended it.
Perhaps, had the Legislature anticipated the Bole decision, it might have used different language specifically excepting third-party liability under Bole from the broad statutory exclusion of coverage because of injuries to the spouse of the insured. On the other hand, it might still have preferred to exclude all such liability of the insured. The primary purpose of the statutory exclusion, to avert the possibility of collusion betWeen spouses, may not have been the only one. Another purpose may have been to protect insurance companies from any increase in liability, without a commensurate increase in premium, that may otherwise have been caused by the amendment to section 57 of the Domestic Relations Law (now General Obligations Law, § 3-313) permitting tort actions between spouses. Subdivision 3 of section 67 permits a specific provision in the policy affording coverage for liability because of injuries to an insured’s spouse, but presumably such a provision would only be added upon payment of an additional premium.
*349 Further, I cannot conclude that the possibility of collusion between spouses does not, at least in some degree, exist in cases involving third-party actions brought under Bole against the insured driver spouse. Where the injuries to the passenger spouse are substantial, collection of that part of a judgment against the other driver in excess of his insurance coverage may well be facilitated if the judgment debtor can recoup that excess, by way of a Bole apportionment, from the insurance carrier of the driver spouse.
Plaintiff further claims that if the statutory exclusion of coverage is so broad that it applies to him, it violates the equal protection clause of both the Federal and State Constitutions. “ This is so because he is being discriminated against because of the mere fact that he is a spouse without reasonable basis for such discrimination.” I hold otherwise. The amendment of the Domestic Relations Law to permit actions for damages between spouses provided a reasonable basis for the enactment of the legislation protecting insurance carriers from any attendant increase in liability without a commensurate increase in premium.
Summary judgment is granted declaring that the exclusionary provisions of subdivision 3 of section 167 are applicable to the third-party action brought against the plaintiff by Bernard P. Hennessy and that the policy issued by the defendant Exchange Mutual Insurance Company to the plaintiff. does not provide coverage for the claim set forth in the third-party complaint.