Edward M. O ’Gorman, J.
This is a motion for summary judgment seeking a declaration that the plaintiff, under its policy of automobile liability insurance issued to the defendants Jerry A. and Carrie Franklin, is not required to provide a defense and coverage to the said Jerry A. Franklin under the said liability policy, in respect to any judgment which might be rendered as a result of an accident which took place on the 16th day of November, 1971.
On that date, the defendant Jerry Franklin was operating a motor vehicle in which his wife, the defendant Carrie Franklin, was a passenger. This motor vehicle, while so operated, collided with an automobile owned by the defendant Callier and operated by the defendant Buckner, causing injuries to the defendant Carrie Franklin. Thereafter, the Franklins, as plaintiffs, commenced an action against the defendants Buckner and Callier to recover damages for personal injuries suffered in the accident. In that action, the defendants Buckner and Callier interposed a counterclaim against the defendant Jerry A. Franklin, in which they allege that he was at least partially responsible for the accident, and claiming that if the defendants Buckner and Callier were held liable in damages in that action to Carrie Franklin, the said Jerry A. Franklin would be required to indemnify them in whole or in part for any judgment against them. This counterclaim was based on the principles enunciated in Dole v. Dow Chem. Co. (30 NY 2d 143).
The plaintiff carrier herein has refused to provide any defense and coverage for any recovery which might be had on the counterclaim as against the said Jerry A. Franklin arising out of injuries suffered by his wife Carrie. This disclaimer is predicated on the provisions of subdivision 3 of section 167 of the Insurance Law of the State of New York, which provides that no insurance policy is deemed to insure against any liability of *508 an insured because of death or injury to his or her spouse unless express provision relating specifically thereto is included in the policy. The liability policy in question contains no such express provision.
It is not necessary any longer to point out the significance of Dole, not only as it affected the rights of the parties immediately involved, but also the far-reaching effects which that decision has already had and will have on other areas of the law dealing with suits for damages arising in a wide range of cases. Suffice it to say that under the circumstances of this case, if the insured operator of the motor vehicle in which Carrie Franklin was riding was not her husband,, the plaintiff carrier would be required to defend against the cross claim of the defendants Buckner and Callier and to provide coverage in the event that those defendants were successful in establishing a claim against the driver under the principles enunciated in Dole.
The question now clearly raised by this motion is whether logic requires the extension of the rationale of the decision in Dole to the facts of this case, in view of the apparently conflicting provisions of subdivision 3 of section 167 of the Insurance Law.
If the court is now to decide that the plaintiff liability insurance carrier is required to furnish coverage in this case, such a result must not run counter to the legislative purpose behind the enactment of subdivision 3 of section 167; must accomplish an objective set forth in the decision of Dole; and finally, must not reach a result which is contrary to a fair interpretation of the language of subdivision 3 of section 167.
It seems clear, and the eases have clearly stated, that the legislative purpose behind the enactment of subdivision 3 of section 167 of the Insurance Law was to protect insurance carriers against collusive actions between husband and wife (see Feinman v. Rice Sons, 2 Misc 2d 86, affd. 285 App. Div. 926).
In cases in which indemnity has been sought from third parties on account of the injuries suffered by a spouse, courts which have struck them down have pointed once again to the danger of collusion between the spouses involved, and have refused on that ground to permit the possible circumvention, by indirection, of the provisions of subdivision 3 of section 167 .(see Peka, Inc. v. Kaye, 208 Misc. 1003; General Acc. Fire & Life Assur. Corp. v. Katz, 3 Misc 2d 328).
It would seem clear that to require coverage under the circumstances of this case would not subject the spouse operator’s carrier to collusive arrangements between spouses, because before there can be any recovery against the spouse operator, *509 his spouse must first establish a cause of action against a non-spouse defendant, and thereafter that defendant may only recover contribution from the spouse operator if the spouse operator is also found to be negligent, and then only if the non-spouse defendant can establish that there has been imposed upon him by the verdict a greater burden of damages than is his fair share. In that event, his recovery over will be limited to such excess.
The doctrine enunciated by Dole, most simply stated, is that it is imperative that, to the extent possible, the burden of damages be apportioned fairly among defendants jointly responsible, in accordance with their degree of culpability. The following statements of the court make this clear: ‘ ‘ The ‘ active-passive ’ test to determine when indemnification will be allowed by one party held liable for negligence against another negligent party has in practice proven elusive and difficult of fair application * * * There are situations when the facts would in fairness warrant what Dow here seeks * * * There are circumstances where the facts would not, by the same test of fairness, warrant passing on to a third party any of the liability imposed.” (Dole v. Dow Chem. Co., 30 N Y 2d 143, 147, supra; emphasis supplied).
The court also condemns the “ uncertain and largely unpredictable nature of the measure of redress ” allowed prior to its decision (p. 148). The court also states (p. 149): “ It is fair to say that the rather widespread dissatisfaction with the inequity of result, as well as the looseness of terminology, in the ‘ active-passive ’ axis foreshadowed for the Bar an attempt at realignment of the rule. This is to be observed both in some of the judicial opinions that have articulated the struggle toward fairness” (emphasis supplied).
The court, to underscore its own thinking, quoted the following with approval (p. 151): “ ‘ But the reasons given against adjudications of such disputes, at least as between joint tortfeasors, are of doubtful validity, and are completely offset by the social evils which accrue from refusal to adjudicate the disputes. The deciding factor, then, should be fairness as between the parties’ (81 U. of Pa. L. Rev., p. 159).” (Emphasis supplied).
In view of the foregoing analysis, we come now to apply the aforesaid three tests of the propriety of requiring coverage in this case.
First, it would seem clear that such a result would not subject the carrier to any collusive arrangement between the insured *510 operator Franklin and his spouse; thus, the legislative purpose of subdivision 3 of section 167 of the Insurance Law would not be indirectly frustrated by such a result.
Second, the doctrine of fairness in the distribution of the liability in damages among joint tort-feasors would be furthered in its application, by affording the defendants Buckner and Callier in this case the same protection of insurance coverage as they would have had, had the driver of the Franklin vehicle not been the spouse of the successful plaintiff, a circumstance over which the defendants Buckner and Callier had no control.
A denial of coverage in this case will not result in coverage being furnished pursuant to article 17-A of the Insurance Law by the Motor Vehicle Accident Indemnification Corporation, in view of the decisions in McCarthy v. MV AIC (12 N Y 2d 922) and Garcia v. MV AIC (18 A D 2d 62) to the effect that that statifie did not extend protection beyond the minimum requirements established by the Superintendent of Insurance for the issuance of standard automobile liability policies in the State of New York. Therefore, if the plaintiff herein does not have to furnish coverage, neither does the MV AIC.
We come, then, to the final question as to whether a requirement that the plaintiff must afford coverage in this case to the spouse operator is inconsistent with subdivision 3 of section 167, and in particular with that portion of that section which contains the following language: “ No policy * * * shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse ”.
The Court of Appeals, in Westchester Light. Co. v. Westchester County Small Estates Corp. (278 N. Y. 175), was called upon to construe somewhat similar language in section 11 of the Workmen’s Compensation Law. The pertinent parts of that section provided: “ The liability of an employer * * * shall be exclusive and in place of any other liability whatsoever, to such employee * * * to recover damages * * * on account of such injury or death”. (Emphasis supplied.)
In that case, an injured employee recovered damages against a third party. The third party brought an action against the employer. In reliance upon section 11 of the Workmen’s Compensation Law, a portion of which is quoted above, the employer claimed to have a valid defense to the action. The court,-, however, held that neither the language nor the policy of the statute : supported defendant’s position, stating the following (p. 179):
“ Plaintiff does not sue for damages ‘on account of’ Havi *511 •land’s death. Plaintiff asserts its own right of recovery for breach of an alleged independent duty or obligation owed to it by the defendant.”
In my opinion, the phrase ‘ ‘ because of * * * injuries to his * * * spouse ”, as used in this statute, is synonymous with “ based upon a claim arising on account of” injuries to the spouse.
An analysis of the newly recognized right to proportional indemnity among joint tort-feasors, as described in Dole, indicates that this is a right of a special kind; a right to recover of an independent obligation owed to one joint tort-feasor- by another. The negligence of the spouse operator has placed the tort-feasor defendants Buckner and Callier in a situation in which, having been sued by the defendant Carrie Franklin, they are now exposed to a judgment for damages which may exceed the amount which they should fairly be required to pay, and that by subjecting them to the risk of paying this excessive amount of damages, the spouse operator Franklin, by his negligence, has created in them a right to proportional indemnity which Dole now permits them to enforce.
The right, therefore, to cross claim against the spouse operator Franklin is not a right based upon the injuries suffered by his wife, but rather1 is a right based on the obligation of the spouse operator to the defendants Buckner and Callier because, by his alleged negligence, he may have placed them in a situation in which they may be held liable for more than their share of damages to the operator’s wife. The extent of the obligation is to indemnify them for that excess.
The court is prepared to hold, therefore, that a claim for contribution, under the circumstances of this ease, does not fall within the definition of “ liability ” as that word is used in subdivision 3 of section 167 of the Insurance Law, which was enacted prior to the creation of the right to contribution.
It cannot be said that reasonable men might not differ as to this interpretation of the language in subdivision 3 of section 167, but it would seem that if such be the case, then the determination of this issue should be influenced strongly by the spirit of the Dole decision in applying a test of fairness and the elimination of chance in determining the rights of a joint tortfeasor. It would also seem that an interpretation of subdivision 3 of section 167 which would provide °r±sr once coverage in this case would be in accord with major L0islative policy in the field of torts caused by the negligent operation of motor vehicles. One of the keystones of this policy is that, to the extent *512 possible, one who has been injured by the negligent operation of a motor vehicle should not be frustrated in his effort to recover damages by the inadequate financial responsibility of the tort-feasor. Section 312 of the Insurance Law provides the broadest possible compulsory insurance coverage for the operators of motor vehicles. The legislative attitude in this connection was underscored by the adoption of article 17-A, which provides protection through the MVAIC in cases which involve an otherwise uninsured motorist.
Subdivision 3 of section 167 of the Insurance Law is a limitation on this overriding policy, and, as such, should be narrowly construed. It should not, except to the extent necessary, be construed to deny the benefit of insurance to all injured claimants where there is no legislative purpose to be served thereby. It should not be construed to deny the benefit of insurance to a claimant because of a no longer relevant circumstance that the driver was the spouse of a passenger, a circumstance beyond the claimant’s control.
Inasmuch as there are no disputed questions of fact, the court here grants summary declaratory judgment to the effect that the plaintiff is required to furnish a defense and insurance coverage to the defendant Jerry A. Franklin in this case.