Joseph Life, J.
The question presented for determination on an agreed statement of facts is as to the coverage of a policy of automobile liability insurance. The policy was issued by the plaintiff to the defendant, Westlake.
Mrs. Westlake was a passenger in the vehicle which her husband was operating when it came into contact with a vehicle owned by the defendant, Robert Christ, which at the time was being operated by his wife, Louise Christ. The Westlakes brought an action in the Supreme Court, Suffolk County, to recover damages for the injuries alleged to have been sustained by them. Instead of asserting their claim for relief against Mr. Westlake in that action in the form of a counterclaim, which would have been the proper procedure (CPLR 3019, subd. [a] ; Moreno v. Galdorisi (supra) is authority for the claim of the third-party action. The difference in form may be disregarded.
Of course, this is another one of the many questions which have arisen out of Dole v. Dow Chem. Co. (30 N Y 2d 143). Moreno v. Galdorisi (supra), is authority for the claim of the Christs against Westlake.
Unless it contains a provision to the contrary, a policy does not cover the assured against any liability because of the death of, or injuries to, a spouse (Insurance Law, § 167, subd. 3). This provision was originally incorporated in section 109 of the Insurance Law (enacted 1937) when the Legislature also adopted section 57 of the Domestic Relations Law (now General Obli *605 gations Law, § 3-313) which terminated inter-spousal immunity. The legislative purpose “ was to protect insurance carriers from collusive actions between spouses arising out of automobile accidents ” (New Amsterdam Cas. Co. v. Stecker, 3 N Y 2d 1,7) while creating a right of action which had not previously existed (Fuchs v. London & Lancashire Ind. Co. of Amer., 258 App. Div. 603, 605).
It has been held (Aetna Cas. & Sur. Co. v. DeLosh, 73 Misc 2d 275) that subdivision 3 of section 167 has no application in a situation such as that with which we are concerned. We agree with the court’s finding that there is little likelihood of fraud present in the action between the Westlakes and the Christs especially so because Mrs. Westlake would have to be successful in her action against the Christs before the latter would have any right of indemnification against Mr. Westlake (see the discussion of this matter by Dean Joseph M. McLaughlin in his article on New York Trial Practice in N. Y. L. J., Dec. 8, 1972, p. 1, col. 1, p. 5, cols. 1-2; Dole and Insurance Law, § 167 [3] by Robert J. Smith, Journal of the Insurance, Negligence and Compensation Law Section — Fall—1972, New York State Bar Association). However, it would seem that you cannot re-exam-inc the legislative intent in enacting subdivision 3 of section 167 when it did, in the light of Dole v. Dow which is a recent innovation. We have discovered only one other decision on this topic. In Smith v. Employer’s Fire Ins. Co. (72 Misc 2d 524) the court held that subdivision 3 of section 167 of the Insurance Law absolves the insurance company from defending where its insured’s liability is incurred by reason of the injuries to the spouse. We agree with that conclusion. However, another cogent reason for holding that subdivision 3 of section 167 should not be circumvented so as to impose the obligation on insurance companies to defend and indemnify their insured in these situations is that a decision to the contrary will in effect be extending the contract between the spouse and the carrier to include coverage for situations which the parties did not contemplate when they entered into their agreement.
In an action concerning the interpretation of an automobile liability insurance policy with subdivision 3 of section 167 of the Insurance Law, the Appellate Division, First Department, summarized this court’s position when it stated that:
“ The assured seeks * * * to saddle the insurer with a new and additional obligation not contemplated by the parties at the time the contract was executed. The minds of the parties then met and agreed upon the exclusion from coverage of the spouse. * * * Express language or the existence of addi *606 tional factors from which it may reasonably be inferred that it was the intention of the parties that the spouse be included in coverage is required. * * *
“ Our law seeks to avoid ‘ excessive, inadequate, unfairly discriminatory or otherwise unreasonable ’ insurance rates (Insurance Law, § 180). In other words, it seeks to assure that the rate charged shall bear reasonable relation to or be commensurate with the risk assumed and adequate for the class of risk to which they apply. (See Insurance Law, § 183, subd.-1, par. [b].) To accept the version of the assured is to frustrate the statutory objectives and run counter to the declared policy of the State. * * *
‘ ‘ Before the right of coverage upon which a suit might be predicated could exist, it was requisite that isuph coverage be declared in specific language.” (Employers’ Liab. Assur. Corp. v. Aresty, 11 A D 2d 331, 334-335, affd. 11 N Y 2d 696.)
Mr. Justice David F. Lee, Jr. in Dyer v. Great Eastern Ins. Co. (71 Misc 2d 89) was confronted with a question concerning insurance coverage. He said (p. 93) that “ the rules of liberal construction of policies do not permit a court, in construing a policy, under the guise of liberal construction, to make a new contract for the parties containing provisions upon which they had not agreed.”
Accordingly, judgment may be entered for plaintiff declaring that the policy of insurance issued by plaintiff to defendant, James Westlake, does not cover liability for injury to his wife and plaintiff is not obligated to defend its assured, James West-lake, in the third-party action by the Christs, nor is it obligated to pay any judgment which the Christs may recover over as against James Westlake.