John W. Sweeny, J.
This is a motion by the third-party defendant for summary judgment dismissing the third-party complaint on the ground that it is barred by subdivision 3 of section 167 of the Insurance Law.
The third-party action seeks a judgment declaring that the plaintiff husband (driver of the vehicle in collision with defendant’s vehicle) is entitled to full protection under his automobile liability policy from the third-party defendant insurance carrier against the counterclaim of the defendants who seek apportionment under the authority of Dole v. Dow Chem. Co. (30 N Y 2d 143) for any liability found against them in favor of the plaintiff wife.
Subdivision 3 of section 167 of the Insurance Law provides that “ No policy or contract shall be deemed to insure against any liability of an insured because of death of or injury to his or her spouse * * * unless express provision relating specifically thereto is- included in the policy ’ ’. (Emphasis .supplied.)
It is noted that the courts have been reluctant to circumvent the statute and extend coverage which the parties did not contemplate. (Cf. State Farm Mut. Auto. Ins. Co. v. Westlake, 74 Misc 2d 604; Perno v. Exchange Mut. Ins. Co., 73 Misc 2d 346; Smith v. Employer’s Fire Ins. Co., 72 Misc 2d 524.) The basis for each of these decisions, which hold that there is no obligation for an insurance carrier to defend a spouse against a Dole v. Dow counterclaim, is the assumption that a carrier would be insuring and defending against a cause of action for the death or injury to a spouse contrary to the exclusionary provision of the statute.
However, this court relying on Dole v. Dow (supra) does not interpret a counterclaim against a spouse as a cause of action based on liability due to death or injury to a spouse. The Court of Appeals in Dole v. Dow (supra, p. 152) relied on its decision in Westchester Light Co. v. Westchester County Small Estates Corp. (278 N. Y. 175) wherein it held that the differences between the causes of action and the parties pursuing them were decisive *612 when it came to the estoppel of section 11 of the Workmen’s Compensation Law.
By analogy, the counterclaim of the defendants here for indemnity is based on a different cause of action than one based on liability because of death or injury to a spouse. The defendants assert their own right of recovery for breach of an alleged independent duty or obligation owed to them by the plaintiff husband. The court believes that this distinction is also decisive in placing this counterclaim outside of the literal boundaries of subdivision 3 of section 167 of the Insurance Law.
This distinction as well as the legislative intent of this section of the enactment (cf. Aetna Cas. & Sur. Co. v. DeLosh, 73 Misc 2d 275) leads this court to hold that there is no exclusion under the Insurance Law in this situation.
Accordingly, the motion of the third-party defendant for summary judgment is denied and summary judgment granted to the third-party plaintiff (CPLR 3212, subd. [b]).