(May 23, 1974)

■ JAMES W. LOGAN, Appellant, v. EXCHANGE MUTUAL INSURANCE COMPANY, Respondent.— Order and judgment unanimously reversed, on the law,

with costs, defendant's motion for summary judgment dismissing the complaint denied, and judgment granted to plaintiff insured in accordance with the following memorandum: Since *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143) the courts are required to take a new look at the traditional holding that under subdivision 3 of section 167 of the Insurance Law, originally enacted in 1937, an insurance company may not be required to defend or pay a claim in negligence by a person against her spouse unless the insurance policy has a special indorsement providing for such defense and payment. The law was enacted when the Legislature gave the right to a person to sue his spouse in negligence, and the avowed purpose of subdivision 3 of section 167 was to protect insurers from fraud and collusion between husband and wife in such cases. The Legislature, of course, had no thought then of third-party indemnity actions under the *Dole* principle. Since that time the Legislature has espoused compulsory automobile insurance and has evidenced its intent that members of the public be given financial protection against injury from automobiles. We think that a fair interpretation of subdivision 3 of section 167 of the Insurance Law today requires a holding that an insurer must defend an insured in a case where the insured and his wife sue a defendant who then interposes a counterclaim for indemnity against the insured. The action is not by one spouse against the other, nor is it grounded on a charge of negligence on the part of one spouse as against the other as in *Glens Falls Ins. Co.* v. *Wood* (9 A D 2d 201, affd. 8 N Y 2d 409) and *United States Fire Ins. Co.* v. *Gould* (43 A D 2d 462), but is an action by a third-party defendant against the insured. The claim, therefore, is not precisely of the nature which the Legislature originally intended to relieve an insurer from defending, and if need be, paying. Although we recognize the efficacy of opposing arguments (see pro, *United States Fid. & Guar. Co.* v. *Franklin,* 74 Misc 2d 506 and *Aetna Cas. & Sur. Co.* v. *De Losh,* 73 Misc 2d 275; and, con, *Perno* v. *Exchange Mut. Ins. Co.,* 73 Misc 2d 346 and *Smith* v. *Employer's Fire Ins. Co.,* 72 Misc 2d 524), as a matter of public policy we adopt the holding of *State Farm Mut. Auto. Ins. Co.* v. *Westlake* (43 A D 2d 314, revg. 74 Misc 2d 604). Accordingly, the order and judgment should be reversed, defendant's motion for summary judgment dismissing the complaint denied, and judgment granted to plaintiff insured declaring that defendant is required to defend him on the counterclaim interposed against him in the action by him and his wife for personal injuries, and if plaintiff loses on that counterclaim, defendant must hold him harmless to the extent of the insurance coverage. (Appeal from order and judgment of Erie Special Term in action on insurance contract.) Present — Marsh, P. J.; Witmer, Mahoney, Goldman and Del Vecchio, JJ.