Frederic E. Hammer, J.
In this action for damages for personal injury resulting from negligence, Vincent Yarish (plaintiff and third-party defendant) moves to dismiss the third-party summons and complaint for failure to state a cause of action.
Plaintiff, Vincent Yarish, and plaintiff, Lyda Yarish, his wife, a passenger in his automobile, commenced the instant cause of action for damages for personal injuries sustained in an inter *468 •section collision with an automobile owned and operated by defendant, John Dowling, in the course of his employment with defendant, Western Union Telegraph Company (hereinafter called Western Union). Subsequent to joinder of issue and shortly after the Court of Appeals decision in Dole v. Dow Chem. Co. (30 N Y 2d 143), defendant Western Union served a third-party summons and complaint on Vincent Yarish, alleging therein a cause of action for indemnification resulting from the active and primary negligence of Yarish.
Before considering the merits of the instant application the court will dispose of the preliminary issue raised by Western Union’s use of a third-party complaint to assert a claim against Vincent Yarish, a party plaintiff in the original complaint. Western Union’s claim against Yarish, if viable, is actually a counterclaim which should have been pleaded as part of the defendant’s answer after an appropriate motion to amend or supplement (CPLB 3025). However, since all of the parties are before the court and since the essential differences between serving a counterclaim and impleading a party “ are not of great substance ”, the court deems defendant’s third-party complaint to be a supplemental answer (Bollinger v. Borden, 30 A D 2d 607) and disregards the irregularity of the service without leave especially since there is no showing of prejudice to any substantial right of the plaintiff. (Matter of Assn. for Preservation of Freedom of Choice v. Shapiro, 14 A D 2d 800.)
Addressing ourself to the merits, there is no question that prior to the Court of Appeals decision in Dole v. Dow Chem. Co. (supra), the supplemental answer of the defendant, a vicariously active tort-feasor, would not have stated a cause of action against Vincent Yarish (see discussion in 5-A Warren’s Negligence, ch. 8, § 4, p. 394 et seq.). In Bole the court eliminated the theory of active-passive negligence with respect to the right of a defendant charged solely with active negligence to implead another actively negligent party based on the concept of comparative negligence. In reaching its determination the court re-examined “ the basic fairness of the uncertain and largely unpredictable nature of the measure of redress that has been allowed by indemnity in favor of a party found negligent against another who played an effective role in causing the damage.
“ The conclusion reached is .that where a third party is found to have been responsible for a part, but not all, of the negligence for which a defendant is cast in damages, the responsibility for that part is recoverable by the prime defendant against the third party. To reach that end there must necessarily be an appor *469 tionment of responsibility in negligence between those parties.” (Dole v. Dow Chem. Co., supra, pp. 148-149).
It follows that if Vincent Yarish were not a party to the suit, under the Dole concept of comparative negligence, he could have been impleaded and it appears that if he had been named a codefendant in the original complaint there would have been an “ apportionment of liability * * * [based on] relative responsibility * * * determined on the facts ”. (Dole v. Dow Chem. Co., supra, p. 153.) There is no logical reason why the Dole rule should not be applied herein to Vincent Yarish simply because he is a party plaintiff and not either a stranger to the suit or a codefendant.
"What should be made clear, however, is that the counterclaim for an “apportionment of liability” between Vincent Yarish and defendant, Western Union, pursuant to the Dole rule, applies only to the cause of action of the passenger Lyda Yarish, since any finding of negligence on the part of plaintiff Vincent Yarish would totally eliminate his personal cause of action for damages resulting from personal injury. While it may seem axiomatic to restate the concept of contributory negligence, it is worthy of emphasis because of the great deal of conjecture surrounding the Court of Appeals decision (see discussion New York Trial Practice, McLaughlin, N. Y. L. J., May 12,1972, p. 1, col. 1). It is the opinion of this court .that the epic-making Dole decision is the important first step toward the judicial re-evaluation and revision of the hard and fast rule of law which precludes a plaintiff who is guilty of any negligence from recovering damages for his injuries. True comparative negligence which determines plaintiff’s recovery by a qualitative and quantitative measure of responsibility, a procedure valid in many States of the Union, is the most equitable method of determining the rights of the parties in a negligence cause of action. It is readily apparent from a study of the opinion of the court in the Dole case that an extension of this philosophy in favor of a plaintiff who to some degree is guilty of negligence would not bar his right of recovery.
Accordingly, plaintiff’s motion to dismiss for failure to state a cause of action is denied.
Settle order and provide therein for leave to the plaintiff to serve a reply within 10 days from the date of entry of the order herein.