Bentley Kassal, J.
Defendant has requested a charge instructing the jury on apportionment of liability between the defendant and one of the plaintiffs in accordance with the Dole v. Dow Chem. Co. (30 N Y 2d 143) principle. This request is based upon the service of a “ Notice of Vouching In ” made after the selection of the jury. In essence, the issues herein presented are whether the form of notice employed is proper and sufficient to invoke the Dole (supra) formula and, if so, whether service of the same was timely.
This is a personal injury and wrongful death action which was commenced in September, 1968, by Florence Henriquez, individually, and as administratrix of the estate of her deceased husband, who was the operator of the auto, and by two other passengers who were in the vehicle when it collided with an unattached trailer parked on the street. The accident occurred on August 25,1968. On October 3,1972, more than four years after the action was commenced, and after the jury had been selected and the trial about to begin, one of the defendants served the plaintiffs .suing for personal injury and wrongful death with a “ Notice of Vouching In ”. This notice, in essence, stated that the defendant would request the jury to apportion the “ responsibility and liability and damages in such amount as is proportionate to the negligence and fault of the defendants, if any, and Florence Henriquez, as administratrix * * * as regards any recovery herein by the [other] plaintiffs ”.
Plaintiff resists such application maintaining that the form is improper and, further, that at this stage of the proceeding, it would be surprised and unfairly prejudiced.
While there have been numerous decisions, by way of delineation and amplification, since the Dole (supra) case, spelling out the rights and obligations of the respective parties from a substantive viewpoint, there has been a relative paucity of cases defining the forms and procedural steps to be followed.
A review of the cases after Dole (supra) illustrates that virtually every form of procedure available under the CPLR has been employed by parties seeking apportionment, whether such apportionment be with other parties in the action, or requiring the joinder of persons not already parties. As noted by the court in Lipson v. Gewirtz (70 Misc 2d 599, 601), the terms used by the parties have been “ loose, often inaccurate, and more often incorrect ”. Both impleader (Yarish v. Dowling, 70 Misc 2d 467) and cross claim (Lipson v. Gewirtz, supra) have been *784 sought where counterclaim would have been the proper procedure.
In the present case, the defendants seek to employ the common-law third-party practice of “ vouching in ”. However, notice of vouching in is simply a notice that an action is pending and an offer to the vouchee to come in and defend, and in default thereof voucher will hold him liable (Bouleris v. Cherry-Burrell Corp., 45 Misc 2d 318). It is usually limited to cases where the voucher’s right to relief over rests on a cause of action identical with that asserted by the plaintiff against the original defendant (Lord & Taylor v. Yale & Towne Mfg. Co., 230 N. Y. 132; 3 Carmody-Wait 2d, New York Practice, § 19:132).
Where the defendant, as herein, seeks to assert a claim against a plaintiff in the same action, a counterclaim is the appropriate remedy (CPLR. 3019) which should be asserted by means of a motion to amend the pleadings (CPLR 3025).
The courts have shown a great deal of understanding and consequently liberality in deciding post -Bole motions. Therefore, pursuant to CPLR 3026, since the plaintiffs have received notice of the defendants’ actual claim, the court will deem the form employed herein to be- a counterclaim.
In regard to the question of the timeliness of the service of this notice, a different problem is presented. Although the Dole ease {supra) was decided by the Court of Appeals on March 22, 1972, six months before the trial herein, an appropriate pleading could have been served by the moving defendant herein at any time prior to trial invoking the Bole apportionment principle. By having waited until after the selection of a jury, however, the defendant is truly guilty of laches. Obviously, the plaintiff against whom defendant claims apportionment has received insufficient notice at this late date to advise its insurance carrier in time for it to reasonably prepare a defense at this trial.
Furthermore, this determination does not preclude the commencement of any further legal proceedings by the moving defendant herein to assert its claim for apportionment of liability and/or indemnification in 'the event said deceased plaintiff is held to be oontributorially negligent herein. The Court of Appeals in its discussion of procedural mechanisms available to defendants seeking apportionment of liability against third parties in the Dole case (30 N Y 2d 143, supra) expressly contemplated such action by its language on pages 149 and 153, wherein it stated: “ The adjudication is one of fact and may be sought in a separate action (cf. Westchester Light. Co. v. Westchester County Small Estates Corp., 278 N. Y. 175) or as *785 a separate and distinguishable issue by bringing in the third party in the prime action pursuant to CPLE 1007. * * * Whether the causes are tried together or separately would rest in the count’s discretion, according to the requirements of fairness in the judicial management of the case.”
Therefore, at this stage, since the plaintiff, in its defense of this claim, would be unfairly prejudiced by permitting the interposition of this apportionment of liability, and since the defendant is not similarly affected, the defendant’s application is denied without prejudice to its renewal in a subsequent action in the event the jury herein finds the deceased plaintiff guilty of contributory negligence.