Robert J. Traihor, J.
This is a motion by defendant for an order allowing him to serve an amended answer “ to include a counterclaim against the plaintiff for the negligence of the plain *24 tiff in contributing to the accident ”. Defendant seeks this relief, “ under the theory of Dole v. Dow Chem. Co. * * * 30 N Y 2d 143 ”.
It is this court’s opinion that the defendant misconceives the doctrine formulated by the Court of Appeals in Dole v. Dow Chem. Co. (supra) although he has undoubtedly discerned the trend, and inevitable result, of its holding, i.e., the ultimate adoption of the rule of comparative negligence in this State. In Kelly v. Long Is. Light. Co. (31 N Y 2d 25, 29) decided June 8,1972, the Court of Appeals by Jasen, J., employs the following language: “ The rule as stated in Dole now permits apportionment of damages among joint or concurrent tort-feasors regardless of the degree or nature of the concurring fault. We believe the new rule of apportionment to be pragmatically sound, as well as realistically fair. To require a joint tort-feasor who is, for instance, 10% causally negligent to pay the same amount as a co-tort-feasor who is 90% causally negligent seems inequitable and unjust. The fairer rule, we believe, is to distribute the loss in proportion to the allocable concurring fault ’ ’. It might justifiably be asked, why should not the same rule obtain and be just as “pragmatically sound, as well as realistically fair” where the plaintiff and defendant are each found to be negligent, albeit in different degrees % Bouvier’s Law Dictionary (Rawle’s 3d rev.) defines joint tort-feasors as follows: “Wrongdoers; two or more who commit a tort ”. The same authority defines tort as “a private or civil wrong or injury * * * The breach of a legal duty ”, and defines feasor as a “ doer, maker ”.
Throughout the history of jurisprudence in this State, our understanding of the term “ joint tort-feasors ” has always been limited to defendants. But aren’t a negligent plaintiff and a negligent defendant joint tort-feasors and in pari delicto just as surely as two negligent defendants ? Bouvier defines pari delicto as follows: “ In a similar offense or crime; equal in guilt or in legal fault. A person who is in para delicto with another differs from a particeps crimims in this, that the former term always includes the latter, but the latter does not always include the former ”.
However, the Dole and Kelly cases have only gone so far as to define the liabilities of defendants “ inter se ”, not parties generally, and any further modification or extension of the law concerning an allocation of fault as between plaintiffs and defendants will have to come from the Court of Appeals; this court is bound by presently existing pronouncements of the law. Accordingly, the defendant’s motion is denied.