Edmund L. Shea, J.
In this action for the judgment declaratory of the rights of the parties under an automobile liability policy of insurance, plaintiff moves far .summary judgment.
Plaintiff insurance company issued an automobile liability insurance policy to defendant Floyd DeLosh, effective between April 6,1971, and April 6,1972, which insurance covered a motorcycle. On May 9,1971, while the motorcycle was being operated by defendant Floyd DeLosh, with his wife, defendant Pearl DeLosh, as a passenger, such vehicle became involved in an accident with a pick-up truck, owned and operated by defendant Ralph Steenberge.
An action was commenced on January 24, 1972, by both Mr. and Mrs. DeLosh against defendant Steenberge to recover damages for their personal injuries, each seeking $100,000 for their own injuries, and $25,000 arising out of their derivative damages for injuries to the respective spouse.
An answer containing general denials only was served on February 2, 1972. After the decision of the Court of Appeals on March 22, 1972, in Dole v. Dow Chem. Co. (30 N Y 2d 143), defendant Steenberge on or shortly after May 31,1972, brought a third-party action against the driver of the motorcycle, Floyd DeLosh, for indemnity or apportionment of damages, if any, recovered by defendant Pearl DeLosh, in the action brought by her against defendant Steenberge, pursuant to the Dole v. Dow decision.
Plaintiff answered without disclaiming liability or reserving rights.
This action was thereafter commenced on October 24, 1972, for a declaratory judgment declaring that the plaintiff insurance company is not obligated to indemnify defendant Floyd DeLosh for any judgment that may be recovered against him in the third-party action brought by defendant Steenberge. The answer of the defendants Floyd DeLosh and Pearl DeLosh, in addition to denials, contains a separate defense alleging that *277 the third-party summons and complaint of defendant Steenherge v. defendant 'Floyd DeLosh was forwarded to plaintiff on June 6, 1972, and the plaintiff has not given any notice of disclaimer and has entered into the defense of said third-party action on its merits without any reservations of rights.
Subdivision 8 of section 167 of the Insurance Law is as follows: “ If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.”
Plaintiff admits there has been no formal disclaimer given to anyone to the present time. Its reliance on the decision in Allstate Ins. Co. v. Manger (30 Misc 2d 326), which was followed in State Farm Mut. Auto. Ins. Co. v. Brown (40 Misc 2d 694, revd. 21 A D 2d 742) also cited by plaintiff, is indeed tenuous when the Court of Appeals, in Allstate Ins. Co. v. Gross (27 N Y 2d 263) specifically considered the Allstate Ins. Co. v. Manger (supra) decision, and the reasoning of the court therein. The Court of Appeals concluded not to follow such decision holding that subdivision 8 of section 167 of the Insurance Law required a prompt decision to disclaim, and prompt notification of the decision. The Court of Appeals also held (p. 270) that the “ question of unreasonableness becomes a question of fact, or if extreme, of law, depending upon the circumstances of the case which make it reasonable for the insurer to take more or less time to make, complete, and act diligently on its investigation of its coverage or breach of conditions in its policy ”.
It would appear, therefore, the separate defense in the answer of the defendants DeLosh is not entirely without merit and raises a question of fact.
Of course, the real controversy concerns the effect of subdivision 3 of section 167 of the Insurance Law which plaintiff would like strictly construed to the end it would not be obligated to pay any portion of any recovery which Steenherge might recover under the Dole v. Dow decision.
There seems little doubt that under the Dole principle, defendant Steenherge may claim that the accident was caused in part by the negligence of defendant Floyd DeLosh and have the degree of culpability between the respective operators resolved at the trial, and the damages apportioned accordingly. (Moreno v, Galdorisi, 39 A D 2d 450.) The fact defendant Steenherge *278 has incorrectly instituted a third-party action instead of asserting his. claim by way of counterclaim which could have been pleaded after an appropriate motion to amend (CPLR 3025) may be disregarded as a mere irregularity. (Yarish v. Dowling, 70 Misc 2d 467.)
Subdivision 3 of section 167 of the Insurance Law states: “No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy.”
This subdivision was enacted in 1937 simultaneously with amendment of section 57 of the Domestic Relations Law (L. 1937, eh. 669). Prior to 1937, the law did not permit either spouse to sue the other for personal injuries. The amendment to the Domestic Relations Law in 1937 granted either spouse the right of action against the other for negligent injury to person or property. In an early ease construing these amendments to the Insurance Law and Domestic Relations Law, it was held “ These simultaneous enactments disclose a considered legislative intent to create a right of action theretofore denied, and at the same time to protect insurance carriers against loss through collusive actions between husband and wife ” (Fuchs v. London & Lancashire Ind. Co. of Amer., 258 App. Div. 603, 605). This expression of legislative intent that subdivision 3 of section 167 was enacted to protect insurance companies from possible frauds inherent in suits between spouses is found in many subsequent cases (e.g. Katz v. Wessel, 207 Misc. 456; New Amsterdam Cas. Co. v. Stecker, 3 N Y 2d 1; Employers’ Liab. Assur. Corp. v. Aresty, 11 A D 2d 331, affd. 11 N Y 2d 696).
In situations, as for example, where a spouse has been injured while a passenger in an automobile driven by her husband or wife, and the injured party has sued the owner of the vehicle and the owner impleads or brings a separate action against the driver as the one who was negligent, courts have held that there was no obligation on the part of the carrier to defend the action of the owner against the driver (Reis v. Economy Hotels and Rests. Purveyors, 4 Misc 2d 146; Feinman v. Rice Sons, 2 Misc 2d 86, affd. 285 App. Div. 926, app. dsmd. 309 N. Y. 750; Peka Inc. v. Kaye, 208 Misc. 1003, revd. on other grounds, 1 A D 2d 879; cf., however, Jacobs v. United States Fid. & Guar. Co., 2 Misc 2d 428). These cases can be distinguished from the present ease on the ground that the injured spouse’s claims therein were all based directly upon the negligence of the other spouse, and *279 liability of the absentee or nonnegligent owner to the injured spouse resulted from statutory liability under section 388, and its predecessor, section 59 of the Vehicle and Traffic Law, and such owner could bring a third-party action against the operator on the theory that the driver was alone actively negligent. These cases, therefore, represent situations in which the master, employer, or vehicle owner is vicariously liable for the tortious acts of a servant, employee or driver. In this type of situation, there is a shifting of the whole burden to the party at fault. In the present case, the injured spouse’s claim is based entirely upon the negligent conduct of a third party. If she recovers, it will only be because she has proven primary or active negligence on the part of the third-party Steenberge,' Her case is in Ho way dependent on proving negligence on the part of her husband, and in fact she would be trying to cast the blame on Steenberge or running the chance of a jury returning a nonsuit (see Dole and Insurance Law, Section 167.(3), by Robert J. Smith, contained in the Journal of the Insurance Negligence and Compensation Law Section).
The exact question presented herein could not arise prior to Dole v. Dow (supra), as a driver of a vehicle could not bring into an action the driver of another vehicle for the reason they were both considered in pari delicto, no matter what the degree of their negligence might actually have been. Therefore, cases decided prior to Bole are not necessarily controlling on the question of insurance coverage.
Assuming possible fraud between spouses is still a valid argument to justify concern that a jury would be unable to distinguish between a valid or fraudulent claim (cf. Gelbman v. Gelbman, 23 N Y 2d 434), it is difficult to see how fraud could •enter into the present case. Mrs. DeLosh must recover by showing'negligence on the part of Steenberge or lose her suit. Her husband Floyd DeLosh, who was also apparently seriously injured, would be vitally interested in recovering his damages from defendant Steenberge. Certainly in order for Mr, DeLosh to recover he would have to prove his complete lack of contributory negligence. The Bole decision has not changed the rule as to contributory negligence barring recovery if a plaintiff is .guilty of contributory negligence. (Carhart v. Albright, 72 Misc 2d 23; Yarish v. Dowling, 70 Misc 2d 467, supra; contra Berenger v. Gottlieb, 72 Misc 2d 349.) In such a situation, any question of fraud between the spouses would seem remote.
The ground of fraud not being present, it would seem this court would be justified in re-examining the legislative intent in *280 the enactment of subdivision 3 of section 167 of the Insurance Law. Although the present action is literally within the section excluding coverage, the effect would be so unjust as to make it doubtful whether the Legislature ever intended in such a situation as now arises to exclude coverage. (See McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 111, 146.)
What is the result if Mrs. DeLosh recovers against defendant Steenberge, but a jury or court also determines Mr. DeLosh was also negligent to some degree? In effect it would be permitting Steenberge’s insurance company to pass on, what would have formerly been its entire obligation, part of that obligation to a noninsured. The practical effect of this might well be that Mrs. DeLosh might not recover her full damages since it is conceivable she would not insist upon collecting her full damages if at the same time her husband had to pay Steenberge out of his own pocket, or the family finances, whatever share it was determined he was liable for. It is doubtful that the Legislature intended any such result and a reasonable construction of the statute would be to the effect that subdivision 3 of section 167 of the Insurance Law is not applicable in the present case.
The motion for summary judgment is therefore denied.
Since this question may never arise depending upon the outcome of the DeLosh v. Steenberge case, it is suggested it would be better practice that this present action should not be tried until after determination of the DeLosh v. Steenberge matter.