John L. Larkin, J.
The defendant moves herein for an order pursuant to CPLR 3212 for summary judgment dismissing the complaint. The plaintiff moves, by cross motion, for an order granting summary judgment to the plaintiff and declaring that the defendant has a duty to defend the plaintiff and further determining that the plaintiff is covered under the terms of an insurance contract with the defendant.
On September 2, 1971, the plaintiff, Donald Stone, was operating his motor vehicle with his wife as a passenger when they were involved in a motor vehicle accident with a vehicle owned and operated by Susan Zilles. Donald Stone and his wife instituted a negligence action against Susan Zilles. The defendant Susan Zilles cross-claimed against Donald Stone alleging that if she is responsible in damages in the action brought by Catherine Stone and Donald Stone, then Donald Stone, being also negligent, is responsible to her in whole or in pant in proportion to his degree of fault and that may be determined by the jury (Dole v. Dow Chem. Co., 30 N Y 2d 143).
From the moving papers it appears that as soon as Stone received the cross claim, he notified his insurance carrier. The Agricultural Insurance Co., the defendant in this notion giving rise to the motion, advised Mr. Stone that there was no coverage under such situation. (Insurance Law, § 167, subd. 3.) “No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy.” (Insurance Law, § 167, subd. 3.) There is no allegation nor does this court know of any policy in which there is an express provision relating explicitly to injury to one spouse caused by the other.
The position of the defendant-petitioner is simply and clearly stated. The claim of the plaintiff Donald Stone falls directly and completely within the statutory language of subdivision 3 of section 167 of the Insurance Law and, therefore, coverage is not and cannot be provided. A literal reading of the statute mandates the dismissal of the complaint for there is no ques *1023 tion that the facts as alleged in the complaint come squarely within the language of subdivision 3 of section 167 of the Insurance Law.
Subdivision 3 of section 167 of the Insurance Law was enacted simultaneously with section 57 of the Domestic Relations Law which permitted actions between spouses involving torts (Fuchs v. London & Lancashire Ind. Co., 258 App. Div. 603). The simultaneous enactments (Insurance Law, § 167, subd. 3; Domestic Relations Law, § 57) disclose a considered legislative intent to create a right of action theretofore denied and at the same time to protect insurance carriers for loss through collusive actions between husband and wife. If the primary action had been brought against the husband by his wife, in this case, there would be no coverage. To require the insurance company to defend because the husband had been brought into the action as a third-party rather than as original defendant might well open the door to the evil contemplated by the prohibition of the statute (Insurance Law, § 167, subd. 3; Feinman v. Bernard Rice Sons, 2 Misc 2d 86, affd. 285 App. Div. 926, mot. for Iv. to app. den. 309 N. Y. 750). Leave to appeal was denied on the grounds that the order sought to be appealed from did not finally determine the action within the meaning of the Constitution.
In support of the position that the language of subdivision 3 of section 167 of the Insurance Law is clear and unambiguous and therefore not subject to any judicial construction, the courts have held that a statute must be read and given effect as it is written by the Legislature, not as the court might think it should or would like to have it written if the Legislature had envisioned all the problems and complications which might arise in the course of its administration (Lawrence Constr. Corp. v. State of New York, 293 N. Y. 634). There is still a chance for collusion as in an instance when the defendant third-party plaintiff has a small policy, less than the special damages perhaps, and the third-party defendant husband has substantial insurance.
If subdivision 3 of section 167 of the Insurance Law is literally applied, a plaintiff wife might well face the hardship of having to collect a substantial part of her judgment against an uninsured husband. On the other hand, if subdivision 3 of section 167 is not literally applied and the insurance company must defend, they may well face payment of claims not intended in the actuarial tables used to set the premiums.
Neither the moving nor responding papers cite any cases other than Special Term, Supreme Court, in support of their respec *1024 tive positions. In Perno v. Exchange Mut. Ins. Co. (73 Misc 2d 346 [Apr. 5, 1973]), the court held that in situations such as the instant one, subdivision 3 of section 167 of the Insurance Law is applicable and the defendant carrier is absolved from defending the action or indemnifying the husband. In a case decided in Supreme Court, St. Lawrence County, on March 5, 1973, the court there found that subdivision 3 of section 167 of the Insurance Law was inapplicable to circumstances such as exist here (Aetna Cas. & Sur. Co. v. DeLosh, 73 Misc 2d 275).
Although the present action is literally within the section excluding coverage, in the view of this court the effect would be so unjust as to make it doubtful as to whether the Legislature ever intended such a situation as now arises to exclude coverage. McKinney’s Consolidated Laws of New York (Book 1, Statutes, § 111) provides: “ The courts may in a proper case indulge in a departure from literal construction and will sustain the legislative intention although it is contrary to the literal letter of the statute.”
It is, of course, a general rule that the literal meaning of the words used must yield when necessary to give effect to the intention of the Legislature, but here we are not concerned with the intention of the Legislature because the Legislature could not have possibly foreseen Dole v. Dow Chem. Co. (30 N Y 2d 143, supra). It must be presumed that the Legislature did not intend that a statute would have unjust effect and unless the language forbids, it must be given an interpretation and application consistent with such presumption. Where there is any doubt about proper interpretation of a statute, it should receive that construction which would not work hardship or injustice (McKinney’s, Book 1, Statutes, § 146).
It should be here noted that the Legislature, in passing the Motor Vehicle Financial Security Act which became effective October 1, 1960, stated in its declaration of purpose; ‘ ‘ The legislature determines that it is a matter of grave concern that motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them ” (Vehicle and Traffic Law, art. 6, § 310, subd. [2]).
However, it is also expressed in the very same safety responsibility act that the liability policy indicating financial security is not required to insure any liability on account of ‘‘ bodily injury to or death of the insured or bodily injury to or death *1025 of the spouse of the insured ” (Vehicle and Traffic Law, § 345, suhd. [e]). Nevertheless, at the time of the passage of this act, Dole v. Dow Chem. Co. (supra) had not been passed upon by the Court of Appeals.
To give a strict literal interpretation to subdivision 3 of section 167 of the Insurance Law and to determine that there is no coverage afforded in such a situation as the instant case, is to make a determination in direct contravention to the expressed intent of the Legislature that motorists shall be financially able to respond to damages for their negligent acts. For that reason, and the other reasons set forth herein, this court is constrained to adopt the rationale set forth in the Aetna Cas. & Sur. Co. v. DeLosh case (73 Misc 2d 275, supra), except that this court is not as ready to concede that there is no chance for fraud in factual situations such as the instant case.
The court finds that subdivision 3 of section 167 of the Insurance Law does not apply in the instant proceeding. The motion of the defendant is denied. The cross motion of the plaintiff is granted.