*572 OPINION OF THE COURT
Jeffry H. Gallet, J.
Respondent father objects to an order of downward modification of support because it did not vacate his child support arrears which accrued while he was allegedly mentally disabled (Linda H. Safron, H.E.). Respondent argues that he was not competent to seek a modification of support any earlier than his filing date and that arrears should be forgiven.
ISSUE
May child support arrears be vacated when a respondent is unable either to pay support or move to be relieved from the obligation for medical reasons?
FACTS
Respondent claims that during the period from October 1, 1990 through April 1991 he was disabled by recurring depression and was treated with the drug Prozac which "exacerbated his condition and drove him into a state of acute anxiety and dreadful paranoia.” He acknowledges that during this period he should have apprised the court of his loss of income, but avers he was a "virtual recluse,” under a doctor’s care and was not able to "hold a trivial conversation with a friend let alone deal with a public appearance such as filing a petition in N.Y.C. [sic] Family Court.” Furthermore, he argues that when he improved in February 1991 and was taken off Prozac and put on Tofranil, he was able to function on a "normal basis” and appeared in court to file a petition to request a downward modification of the order of support and relief from arrears.
The Hearing Examiner reduced the support order and vacated certain maintenance arrears after a finding of good cause for nonpayment and failure to file for a modification based on respondent’s lack of income and inability to file. Child support arrears were unchanged.
THE LAW
The standard governing relief from child support arrears has changed over the years. With the repeal of Family Court Act § 458 in 1983, the Legislature limited the court’s discretionary power to cancel arrears. The Family Court was only able to retroactively cancel arrears if the support obligor *573 showed good cause for failure to seek reduction as well as good cause for the reduction.
In 1986, the Legislature again altered the rules concerning child support arrears. Now the court appears to be prohibited from reducing or annulling child support which has accrued prior to a filing for modification, irrespective of the reason for such a delay. (Family Ct Act § 451; see, Matter of Marcia H. R. v Earl R., 141 Misc 2d 87 [Fam Ct, Bronx County 1988].)
DISCUSSION
A review of the legislative history surrounding the 1986 amendment and the other amendments to the law passed at the same time discloses an intent to preclude forgiveness of child support arrears and to ensure that noncustodial parents are not financially rewarded for failing either to pay their support obligations or seek modification in court. It is apparent that it was the Legislature’s intent to ameliorate the problems custodial parents faced in enforcing child support orders. Although the legislative history is not helpful in addressing the question of whether arrears can be vacated if it was impossible for a noncustodial parent either to pay support or to move for a modification, it is exactly that question which is before me.
Assume the following hypothetical situation. Two machinists are driving in an automobile. The automobile is involved in an accident and machinist A is rendered unconscious and falls into a coma in which he remains for a period of one year. Machinist B breaks his right index finger. Neither machinist is able to work, but machinist B is able to go to court and seek relief from his order of support. Machinist A, who is in a coma, cannot.
Is it possible that the Legislature intended that machinist B was to be excused from his child support obligation while machinist A would remain responsible for his? I think not. In dealing with the interpretation of statutes, a court must look first at the natural and obvious meaning of the words used, but it may depart from the literal construction of those words to sustain the Legislature’s intent and to avoid an interpretation which would cause hardship or injustice. (See generally, McKinney’s Cons Laws of NY, Book 1, Statutes §§94, 111, 146; Stone v Agricultural Ins. Co., 76 Misc 2d 1021 [Sup Ct, Albany County 1973].)
"The strict adherence to the letter of a statute will not be *574 permitted to defeat the general purpose and manifest policy intended to be promoted, and a statute will not be construed to work an injustice or absurdity”. (Sinhogar v Parry, 98 Misc 2d 28, 35 [Sup Ct, NY County 1979].) "When the courts make an exception from the letter of a statute, because the subject excepted is not within its spirit and meaning, they do so to avoid a result so unreasonable or absurd as to force the conviction upon the mind that the excepted subject could not have been intended by the legislature”. (Morgan v Hedstrom, 164 NY 224, 230 [1900]; see also the reasoning in Matter of Roseann R. v William R., 119 Misc 2d 874 [Fam Ct, Queens County 1983].)
Indeed, Douglas J. Besharov, in his Supplementary Practice Commentaries to Family Court Act § 451, anticipated that Family Courts could vacate arrears to avoid certain injustices saying: "There can be no doubt that the overriding Legislative intent running throughout the recent numerous amendments to Article 4 has been that arrears were too easily vacated in the past and that they should be treated as a debt owed to the petitioner. The stringent rules that were adopted were a reasonable response to the extreme problems petitioners faced in enforcing support orders. Thus, it is understandable that some supporters of stronger support enforcement will be unhappy with any suggestion that courts retain even a limited power to vacate arrears. Nevertheless, such a restricted power does not seem inconsistent with the underlying legislative intent so long as it is used sparingly — and to avoid grievous injustice.” (McKinney’s Cons Law of NY, Book 29A, Family Ct Act § 451, 1992 Pocket Part, at 83.)
DECISION
I find that, if it was impossible for the respondent to pay child support and impossible for him to move for relief from the order, the Hearing Examiner may relieve him of responsibility for child support from the date it became impossible for respondent to act. Impossibility of performance should not be confused with "good cause” to excuse spousal support. (Family Ct Act § 451.) Good cause is a considerably lower standard. Indeed, this Hearing Examiner found good cause to vacate spousal support arrears.
Accordingly, this matter is remanded to the Hearing Exam *575 iner so that respondent may present competent medical evidence to the effect that it was impossible for him both to pay child support and to move for relief from his child support order and for such other purposes as may be consistent herewith.