■ STEVEN B. MARKSOHN, Appellant, v BAMBI L. A. MARKSOHN, Respondent. [603 NYS2d 445] —Order, Supreme Court, New York County (David Saxe, J.), entered February 2, 1993 which, upon renewal and reargument, modified a prior order, same court and Justice, entered October 7, 1992, awarding defendant wife interim maintenance and child support, to the extent of providing that the award of maintenance was to be deemed taxable to the wife and deductible by the husband, and order, same court and Justice, entered July 7, 1993, which granted the wife a judgment of arrears in the sum of $56,380 and interim counsel fees of $25,000, unanimously affirmed, without costs. The appeal from the order of October 7, 1992 unanimously dismissed as superseded by the appeal from the order of February 2, 1993, without costs.

The IAS Court properly considered the factors enumerated in Domestic Relations Law § 236 (B) (6) and § 240 (1-b) in awarding $650 a week maintenance and $685 a week child support. Plaintiff's remedy for any inequities in the award is a

prompt trial *(Corsini v Corsini,* 178 AD2d 356). Although the documentation submitted in support of the requested counsel fee was less than complete, the anticipated discovery with regard to plaintiff's holdings in several closely-held businesses, including the necessary review of accountant and appraiser reports, adequately supported counsel's belief that significant fees would be incurred, thereby serving as a basis for the award (Domestic Relations Law § 237; *see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879). Since plaintiff failed to show good cause for failure to apply for relief from the order directing payment (Domestic Relations Law § 244), and provided evidence of his payment of only a small portion of the amount due, with which he was credited, the judgment for arrears was appropriate.

We have considered plaintiff's other contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Ross and Nardelli, JJ.