■ MARTIN HOWFIELD, Appellant, v ZULEMA HOWFIELD, Respondent. [671 NYS2d 988] —In a matrimonial action in which the parties were divorced by judgment dated October 21, 1992, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated March 6, 1997, as denied those branches of his motion which were to modify the child support provisions of the judgment of divorce and stipulation of settlement which was incorporated but not merged in the judgment, and to cancel any arrears which may have accrued since July 1, 1992.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court did not err in denying that branch of the plaintiff's motion which was to modify the child support provisions in the judgment of divorce and the stipulation of settlement which was incorporated but not merged in the judgment, by cancelling further support obligations. The plaintiff failed to demonstrate either that the agreement was unfair or inequitable when entered into, or that there had been an unanticipated and unreasonable change in circumstances and that he had a concomitant showing of need to justify the modification (*see, Merl v Merl,* 67 NY2d 359, 362; *Matter of Boden v Boden,* 42 NY2d 210, 213; *Ruggerio v Ruggerio,* 173 AD2d 595).

Furthermore, pursuant to Domestic Relations Law § 244, the court could not cancel the child support arrears since, under that statute, there can be no modification of child support for any period prior to the initiation of an application for such modification (*see,* Domestic Relations Law § 244; *Matter of Dox v Tynon,* 90 NY2d 166, 173-174; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 244, at 752; Scheinkman, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 244, 1997-1998 Interim Supp Pamph, at 556).

The plaintiff's remaining contentions are without merit. Ritter, J. P., Sullivan, Krausman and Luciano, JJ., concur.