■ CLIFFORD J. TEKEL, Appellant, v JULIENNE MARTONE, Respondent. [709 NYS2d 394] —Appeal, as limited by the brief, from so much of a judgment, Supreme Court, New York County (Walter Tolub, J.), entered April 12, 1999, which incorporated a money judgment in favor of defendant for temporary support and maintenance and other ancillary arrears pursuant to a pendente lite order of the same court (Martin Schoenfeld, J.), entered on or about April 9, 1997, unanimously dismissed, with costs to defendant.

Pursuant to CPLR 5501 (a) (1), the instant pendente lite order does not necessarily affect the final judgment of divorce and, accordingly, cannot be reviewed on plaintiff's appeal from the final judgment (*Sawdon v Sawdon,* 39 AD2d 883). In any event, were the pendente lite order reviewable on the present appeal, we would affirm since plaintiff has made no showing of good cause for his failure to apply for relief from the pendente lite order prior to the accrual of the arrears (Domestic Relations Law § 244; *see also, Matter of Dox v Tynon,* 90 NY2d 166; *Howfield v Howfield,* 250 AD2d 573; *Marksohn v Marksohn,* 198 AD2d 70). Moreover, plaintiff's substantive claim, that the trial court erred when it failed to make the permanent child support award of $200 per week effective nunc pro tunc to the date defendant first applied for support, is without merit, since the Domestic Relations Law has been held to bar such relief where, as here, the temporary award is greater than the permanent award (*see, Lucci v Lucci,* 227 AD2d 387, 388; *Rodgers v Rodgers,* 98 AD2d 386, 389-390, *appeal dismissed* 62 NY2d 646). Concur—Tom, J. P., Ellerin, Lerner, Andrias and Saxe, JJ.