■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of ROSA LIDIA T., Appellant, v LUIS ALONSO G., JR., Respondent. [777 NYS2d 102]—

Order, Family Court, New York County (George L. Jurow, J.), entered on or about March 11, 2003, which denied petitioner's objection to an order of the Hearing Examiner, dated January 7, 2002, reducing child support arrears owed by respondent, unanimously reversed, on the law, without costs, petitioner's objection sustained, the Hearing Examiner's order vacated and the matter remitted to the Family Court for entry of an order setting the amount of arrears respondent owes to petitioner at $5,556.

Inasmuch as a child's derivative Social Security benefits may not serve as a "credit" against a noncustodial parent's support obligation (see Graby v Graby, 87 NY2d 605, 611 [1996]), such payments should not have been considered in determining the requested reduction. Nor, despite the court's reference to "the unique circumstances of this case," should the accumulated arrears have been reduced because of respondent's claimed inability to appear in court by himself. This is not one of those rare circumstances where an overly strict application of section 451 of the Family Court Act, which prohibits retroactive reductions of accrued child support arrears, would result in "grievous injustice" to respondent (cf. Matter of Reynolds v Oster, 192 AD2d 794, 795 [1993]; see also Matter of Commissioner of Social Servs. v Grant, 154 Misc 2d 571 [1992]). Unlike Grant, where the court found that, because of severe emotional disability, it was "impossible" for the respondent father to pay support or, for six months, to move to be relieved from his obligation to pay child support, there is no evidence that it was "impossible" for respondent to pay child support or earlier move for relief from his obligation. In fact, it is undisputed that, beginning on May 27, 1997, he filed eight petitions over the course of four years to modify the original two-step support order, dated September 24, 1996, which directed him to pay $25 monthly for his dependent children, beginning October 4, 1996, to increase to $215 monthly, effective December 4, 1996.

Moreover, despite the Hearing Examiner's crediting respon-

dent's testimony that his repeated failure to appear was due to his inability to walk without assistance and problems he had getting someone to accompany him to most of the previously scheduled hearings on his petitions, the Court of Appeals has noted that "[n]o excuses at all are tolerated with respect to child support . . . Child support arrears must be awarded *in full*, regardless of whether the defaulter has good cause for having failed to seek modification prior to their accumulation . . ." (*Matter of Dox v Tynon*, 90 NY2d 166, 173-174 [1997] [internal quotation marks and citations omitted].) In fact, respondent apparently appeared on two previously scheduled dates, once in November 1997 and again in September 1999, at which times the order of support was suspended. However, he failed to return on the adjourned dates, resulting in the dismissal of his petitions and, on one occasion on May 5, 1998, in reinstatement of the support order.

Accordingly, the arrears due from respondent should be calculated at a rate of $215 per month, as originally ordered, rather than the $25 per month ordered by the Hearing Examiner. Inasmuch as petitioner's delineation of the periods of time that respondent's order of support was effective and the amount of arrears owed for such periods are uncontested by respondent, who has not appeared on this appeal, the total amount of arrears owed by respondent to petitioner is set at $5,556, as requested in petitioner's objection. Concur—Mazzarelli, J.P., Andrias, Sullivan, Friedman and Marlow, JJ.