■ Naftali Z. Dembitzer, Respondent, v Rochel Rindenow, Appellant. [828 NYS2d 139]—

In a matrimonial action in which the parties were divorced by judgment dated February 24, 2004 the defendant, the preliminary executrix of the estate of the former wife, appeals from so much of an order of the Supreme Court, Kings County (Krauss, J.), dated May 4, 2005, as, in effect, denied her motion to disaffirm so much of the report of the same court (Marks, J.H.O) dated January 12, 2005, as recommended reducing the amount of accrued child support arrears from the sum of $58,126 to the sum of $19,876, and vacated the entire amount of accrued child support arrears.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion to disaffirm so much of the report of the Judicial Hearing Officer dated January 12, 2005 as recommended reducing the amount of accrued child support arrears from the sum of $58,126 to the sum of $19,876, is granted, the amount of child support arrears is fixed in the sum of $58,126 as of May 31, 2004, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

The plaintiff and his former, now-deceased, wife were married on August 9, 1994, and had three children over the next five years. In July 2000 the wife was diagnosed with brain cancer and on February 1, 2001 the plaintiff commenced this action for a divorce. The Supreme Court, Kings County (Panepinto, J.), issued a pendente lite order directing the plaintiff to make unallocated payments for child support and maintenance, including payment of the mortgage on the marital residence, as well as tuition, the cost of a babysitter to assist his ailing wife in caring for the children, and $160 per week for food and necessities for the children. The plaintiff did not seek modification of the pendente lite order.

After trial, the Supreme Court, Kings County (Fitzmaurice, J.), inter alia, determined that the amount of plaintiff's basic child support obligation was $548 per week, to be paid to the wife retroactive to the date of application. The judgment of divorce (Fitzmaurice, J.), dated February 24, 2004, incorporates the terms of the decision.

The former wife thereafter moved for an award of $58,126 in child support arrears, representing $548 per week for a period of 150 weeks, less $160 per week paid pursuant to the pendente lite order and a credit of $850. In opposition, the plaintiff argued that it was unfair to hold him liable for retroactive child support when he had paid all carrying charges and other expenses for support of his children, and sought a hearing to determine the amount, if any, of child support arrears due and owing. The former wife died in August 2004, while the motion and cross motion were pending, and her sister, as preliminary executrix of her estate, was substituted as party defendant.

The ancillary financial issues were referred to Judicial Hearing Officer Leah Marks (hereinafter the JHO) who, following a hearing, recommended, inter alia, that the Supreme Court allow a credit for child care expenses paid by the plaintiff, thereby reducing the child support arrears from the sum of $58,126 to the sum of $19,876, without determining whether such was an asset of the children or the estate. The estate moved to disaffirm that portion of the JHO's report.

The Supreme Court, Kings County (Krauss, J.), determined that child care expenses could not be allowed as a credit against child support arrears, since they had been awarded as a separate "add on" item in the pendente lite order and judgment of divorce (see Dembitzer v Rindenow, 8 Misc 3d 683 [2005]). However, the Supreme Court determined that the entire amount of child support arrears should be vacated because payment of arrears to the estate of the former wife would work a "grievous

injustice" (*Matter of Commissioner of Social Servs. [Rosa Lidia T.] v Luis Alonso G.,* 7 AD3d 388 [2004]) to the children and the father by diverting funds needed for the children's current needs, without any assurance that the children would receive any benefit from the estate after satisfaction of debts. The estate appeals from so much of the order as denied its motion to disaffirm the JHO's report and vacated the child support arrears in full. We agree that the Supreme Court was without authority to vacate the award of child support arrears, and therefore reverse the order insofar as appealed from.

Courts have continuing jurisdiction to modify or vacate support orders until they are completely satisfied, except that they "have no discretion to reduce or cancel arrears of child support which accrue before an application for downward modification of the child support obligation" (*Hasegawa v Hasegawa,* 290 AD2d 488, 490 [2002]; *see Matter of Dox v Tynon,* 90 NY2d 166 [1997]; *Matter of Jenkins v McKinney,* 21 AD3d 558 [2005]; *Matter of Miller v Miller,* 308 AD2d 541 [2003]; *Howfield v Howfield,* 250 AD2d 573, 574 [1998]; Domestic Relations Law § 236 [B] [9] [b]; § 244). The plaintiff did not present any evidence of fraud or demonstrate any inability on his part to seek modification of the child support orders, which might warrant a finding that enforcement of the judgment against him would result in grievous injustice (*see Matter of Commissioner of Social Servs. [Rosa Lidia T.] v Luis Alonso G., supra; Gaudette v Gaudette,* 263 AD2d 626, 628 [1999]; *Matter of Reynolds v Oster,* 192 AD2d 794, 795 [1993]; *Matter of Commissioner of Social Servs. v Grant,* 154 Misc 2d 571, 574 [1992]). The death of the custodial parent following entry of a judgment awarding child support arrears has no bearing on the obligated parent's responsibility for payment of accrued arrears, since the obligation to pay child support survives the death of the custodial parent (*see Matter of Modica v Thompson,* 300 AD2d 662 [2002]).

The only issue to be determined by the Supreme Court in connection with the estate's motion was the amount of child support arrears owed, taking into account any amount that had been paid pursuant to the pendente lite order (*see Burns v Burns,* 84 NY2d 369, 377 [1994]; *Ferraro v Ferraro,* 257 AD2d 598, 599 [1999]). The Supreme Court correctly determined that the father was not entitled to a credit for payments made pendente lite for child care, because both the pendente lite order and the divorce judgment treated child care expenses as an additional item to be paid over and above the basic child support obligation (*see* Domestic Relations Law § 240 [1-b] [c] [4], [6]). Any argument the plaintiff may have had that the award of

child care expenses was not authorized by statute, or that the method of calculating the child support obligation resulted in placing too onerous a burden on him (*see Fruchter v Fruchter*, 29 AD3d 942, 945 [2006]; *Shanon v Patterson*, 294 AD2d 485 [2002]), was waived by his failure to take an appeal from the pendente lite order or from the divorce judgment. Thus, the amount of child support arrears owed by the father should have been fixed at $58,126. Florio, J.P., Schmidt, Krausman and Lifson, JJ., concur. [*See* 8 Misc 3d 683 (2005).]